T.C. Memo. 2014-185

UNITED STATES TAX COURT

BRIAN BUSSEN AND APRYL BUSSEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24901-12.                    Filed September 11, 2014.

During the pendency of a redetermination action, Ps made a
qualified offer pursuant to I.R.C. sec. 7430(c)(4)(E) and (g).  Some
months thereafter, upon receipt of certain documentation, R conceded
the deficiency in full, and the parties submitted settlement documents
to the Court.  Ps then filed a Motion For Reasonable Litigation Or
Administrative Costs pursuant to I.R.C. sec. 7430.

<u>Held</u>:  R's position was substantially justified.  <u>See</u> I.R.C. sec.
7430(c)(4)(B)(i).

<u>Held</u>, <u>further</u>, the qualified offer rule does not serve to make
Ps the prevailing party.  <u>See</u> I.R.C. sec. 7430(c)(4)(E)(ii)(I).

<u>Held</u>, <u>further</u>, Ps are not entitled to an award for costs.

**[*2]** <u>Jeffery D. Trevillion</u>, for petitioners.

<u>William Franklin Castor</u>, for respondent.


MEMORANDUM OPINION


ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court on petitioners' Motion For Reasonable Litigation Or Administrative Costs, filed April 1, 2014, pursuant to section 7430 and Rules 230 and 231.[1]

Petitioners commenced this action for redetermination in response to a notice of deficiency determining a deficiency in income tax of $2,047 for 2009. Pursuant to the agreement of the parties, the Court entered a decision on December 30, 2013, stating that there was no deficiency in income tax due from, nor overpayment due to, petitioners for the year in issue.  Thereafter, upon the filing of an agreed motion by petitioners, the Court vacated the decision in order to permit the filing of their motion for costs.  Respondent then filed a response on April 24,

---

[1] All references to sec. 7430 are to sec. 7430 of the Internal Revenue Code in effect at the time that petitioners filed their petition with the Court; all references to sec. 911 are to sec. 911 of the Internal Revenue Code in effect for the taxable year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** 2014, objecting to the granting of petitioners' motion. Most recently, on June 2, 2014, petitioners filed a reply to respondent's response.

In their Motion For Reasonable Litigation Or Administrative Costs, petitioners seek an award of $13,273.[2] In their reply to respondent's response, petitioners acknowledge a computational error that served to overstate by $1,200 the portion of the requested award that is allocable to attorney's fees. But also in their reply petitioners request an increase to such net amount "based upon the additional time expended litigating the fee application."

Petitioners have requested a hearing on their motion; in contrast, respondent has not. Upon review of the record, the Court concludes that petitioners' motion can be decided without a hearing. See Rule 232(a)(2) ("A motion for reasonable litigation or administrative costs ordinarily will be disposed of without a hearing unless it is clear * * * that there is a bona fide factual dispute that cannot be resolved without an evidentiary hearing."). In deciding petitioners' motion, the Court relies heavily on the exhibits attached to the parties' various filings.

## Background

Petitioners resided in the State of Oklahoma at the time that their petition was filed.

---

[2] All monetary amounts are rounded to the nearest dollar.

**[*4]** <u>Petitioners' Federal Income Tax Return and Notices CP2000</u>

Petitioners timely filed a Form 1040, U.S. Individual Income Tax Return, for 2009. They listed as their address an APO address which signified a U.S. military base in Ramstein, Germany.

Also on their return petitioners reported wages received by petitioner Brian Bussen, who in 2009 was a technical sergeant on active duty with the U.S. Air Force. The return did not report any compensation received by petitioner Apryl Bussen, nor was any Form 2555-EZ, Foreign Earned Income Exclusion, attached to the return.

On September 6, 2011, respondent mailed to petitioners a Notice CP2000 that proposed to increase their income tax for 2009.[3] The increase in tax was attributable principally to compensation of $14,365 that was reported on a Form W-2, Wage and Tax Statement, by Central Texas College of Killeen, Texas (Central Texas College), as wages paid to Mrs. Bussen in 2009.

Petitioners responded to the Notice CP2000 on or about September 29, 2011. Petitioners did not dispute (and have never disputed at any time) that Mrs. Bussen received compensation of $14,365 from Central Texas College in 2009.

---

[3] This notice, as well as all other relevant notices, was mailed by respondent to petitioners at their current address in Moore, Oklahoma.

**[*5]** However, petitioners did dispute the proposed increase in tax in its entirety. In that regard petitioners submitted (1) a Form 1040X, Amended U.S. Individual Income Tax Return, acknowledging "spouse's income was not included in original 1040" and (2) a Form 2555-EZ excluding from income Mrs. Bussen's compensation on the ground that it was earned while she was physically present in Germany throughout 2009. Petitioners' response did not include any documentation supporting their claim that Mrs. Bussen satisfied the physical presence test or was otherwise entitled to the foreign earned income exclusion under section 911.

On November 21, 2011, respondent mailed to petitioners a second Notice CP2000. Such second notice acknowledged petitioners' response to the first Notice CP2000 but continued to regard Mrs. Bussen's compensation as taxable.

On or about December 21, 2011, petitioners responded to the second Notice CP2000. Petitioners continued to assert that Mrs. Bussen's compensation was excludable from income on the ground that it was earned while she was physically present in Germany. Petitioners' response did not include any documentation supporting their claim that Mrs. Bussen satisfied the physical presence test or was otherwise entitled to the foreign earned income exclusion under section 911.

**[\*6]**  On March 12, 2012, respondent mailed to petitioners a third Notice CP2000.  The third such notice acknowledged petitioners' response to the second Notice CP2000 but continued to regard Mrs. Bussen's compensation as taxable.[4]

On or about April 30, 2012, petitioners responded to the third Notice CP2000.  Petitioners provided another copy of Form 2555-EZ and alleged facts that they regarded as sufficient to support the exclusion from income of Mrs. Bussen's compensation.  Their response did not include any documentation supporting their claim that Mrs. Bussen satisfied the physical presence test for 2009 or was otherwise entitled to the foreign earned income exclusion under section 911.

Notice of Deficiency and the Judicial Proceeding

On July 9, 2012, respondent mailed to petitioners a notice of deficiency for 2009.  Respondent determined a deficiency of $2,047 solely on the basis that Mrs. Bussen's compensation of $14,365 was includable in petitioners' income.[5]

---

[4] The third Notice CP2000 proposed a deficiency attributable solely to Mrs. Bussen's compensation.  Notably, documentation provided by petitioners regarding certain education credits that had tentatively been disallowed by respondent was now accepted.

[5] Certain mechanical matters in the notice of deficiency are not germane to the narrative of this case.

**[\*7]**  In response to the notice of deficiency, petitioners filed a petition on October 9, 2012, for redetermination of deficiency.[6]  Petitioners alleged in the petition that respondent erred in determining that "$14,365 in wages earned in 2009 by the taxpayers do not qualify for the foreign earned income exclusion as set forth in IRC §911(a)" and that the exclusion of such income was appropriate because "their tax home was in Germany during 2009 * * * [and they] met the required residence and/or physical presence tests."

On November 21, 2012, respondent filed his answer and denied the substantive allegations of the petition.  The case was then referred to respondent's Appeals Office for its consideration.

On January 11, 2013, the Appeals officer who was assigned to the case sent a letter to petitioners requesting that they provide information in support of their position.  Petitioners' counsel responded, arguing that Mrs. Bussen's compensation qualified for the foreign earned income exclusion under section 911 and making "a qualified offer [under section 7430] of $0 increase to the taxpayer's income tax liability for the 2009 tax year."  Counsel's letter did not include any documentation supporting petitioners' claim that Mrs. Bussen satisfied the

---

[6] The petition was filed by counsel, who has continued to represent petitioners throughout the judicial proceeding.  During the administrative proceeding petitioners represented themselves.

**[*8]** physical presence test or was otherwise entitled to the foreign earned income

exclusion under section 911. The letter concluded as follows:

> The Bussens provided all of the above required information on their form 1040X and as such has satisfied the substantial requirements under Section 911 of the Internal Revenue Code of 1986, as amended. See attached copy of Form 1040X. Any fact unsupported by documentation will be presented through sworn testimony if necessary. Lastly the qualified offer above is made pursuant to the provisions of I.R.C. section 7430 et seq.

On February 5, 2013, petitioners' counsel faxed to the Appeals officer a

copy of Mr. Bussen's military orders changing his duty station from Ramstein,

Germany, to Tinker, Oklahoma, effective August 2010. The orders indicated that

Mr. Bussen was stationed in Germany from April 2006 through July 2010. The

orders identified by name each of petitioners' two children as a "command-

sponsored dependent" but did not so identify Mrs. Bussen or otherwise specify

that she had accompanied her husband overseas.

On February 7, 2013, the Appeals officer sent petitioners a letter requesting

copies of a foreign tax return reporting Mrs. Bussen's income and a canceled

check for payment of foreign tax. The Appeals officer also requested any

additional facts, information, arguments, or legal authority to support petitioners'

position regarding the exclusion from income of Mrs. Bussen's compensation.

**[*9]** The record does not include a copy of any written reply that might have been sent in response to the Appeals officer's request.

On August 30, 2013, the Court served on the parties a notice setting this case for trial at its session beginning February 3, 2014, in Oklahoma City, Oklahoma.

On October 2, 2013, respondent's counsel sent a letter to petitioners' counsel scheduling a <u>Branerton</u> conference for October 15, 2013.[7] The letter also requested, inter alia, information regarding petitioners' physical presence in 2009 in order to establish a basis for the foreign earned income exclusion under section 911(a) for Mrs. Bussen's compensation. Because of the partial Government shutdown in October 2013, respondent's counsel rescheduled the October 15, 2013 conference for November 12, 2013, and also requested a copy of Mrs. Bussen's passport.

Substantive Resolution of the Foreign Earned Income Exclusion Issue

By letter dated November 26, 2013, petitioners' counsel sent respondent's counsel documentation including copies of Mrs. Bussen's passport, petitioners'

---

[7] See <u>Branerton Corp. v. Commissioner</u>, 61 T.C. 691 (1974) (directing the parties to use informal consultation or communication before employing the formal discovery procedures set forth in the Court's Rules).

[*10] children's school records, and petitioners' bank records reflecting transactions in Germany throughout 2009.

By letter dated December 12, 2013, respondent's counsel advised petitioners' counsel that "[b]ased upon the documentation provided, we are conceding your clients' case" and enclosed a proposed settlement document reflecting no deficiency due from, nor overpayment due to, petitioners for 2009. Petitioners' counsel executed and returned the settlement document to respondent's counsel, who in turn executed it and forwarded it to the Court.

As previously stated, the Court entered a decision on December 30, 2013, pursuant to the agreement of the parties but vacated the decision upon the filing of petitioners' unopposed motion to vacate in order to permit the filing of petitioners' motion for costs.

Petitioners' Motion For Reasonable Litigation Or Administrative Costs

On April 1, 2014, petitioners filed their Motion For Reasonable Litigation Or Administrative Costs. The motion was accompanied by affidavits executed by Mrs. Bussen and by petitioners' counsel.

In their motion petitioners assert, inter alia, that they should be considered the prevailing party for both administrative and litigation costs because of the

**[\*11]** qualified offer rule and because respondent's position was not substantially justified.  Regarding the former, petitioners state as follows:

> Pursuant to IRC §7430(c)(4)(E) a taxpayer may make a qualified offer of settlement and should the IRS reject the taxpayer's offer and obtain a judgment equal to or less than the taxpayer's offer, the taxpayer will be considered the prevailing party for both administrative and litigation costs.  Here, the taxpayers made a qualified written offer on January 29, 2013.  \* \* \*  The offer was rejected by the Service and the Service did not obtain a judgment greater than the qualified written offer.  Accordingly, the Petitioners are the statutory prevailing party.

On April 24, 2014, respondent filed a response to petitioners' motion for costs, objecting to its granting on the grounds that

> (1) petitioners do not qualify as a prevailing party under the qualified offer provisions of I.R.C. § 7430(c)(4)(E) because the parties resolved all issues subject to the offer pursuant to a settlement; (2) petitioners do not qualify as a prevailing party under I.R.C. § 7430(c)(4)(B) because the position of respondent was substantially justified in the proceedings, based upon the evidence available to respondent at the time he took a position in the proceedings; and (3) the amount of the requested costs is not reasonable, based on the services rendered and in comparison to the result achieved.

On June 2, 2014, petitioners filed a reply to respondent's response.  In their reply, petitioners address the second and third grounds asserted by respondent in opposing the granting of their motion.  Petitioners do not, however, address the first ground dealing with the qualified offer rule of section 7430(c)(4)(E).

**[*12]**                                           Discussion

The Court applies section 7430 as amended by Congress in the Internal

Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, sec.

3101, 112 Stat. at 727.[8]

I.  Requirements for a Judgment Under Section 7430

Under section 7430(a), a judgment for litigation or administrative costs

incurred in connection with a court or administrative proceeding may be awarded

only if a taxpayer:  (1) is the prevailing party; (2) has exhausted his or her

administrative remedies with the Internal Revenue Service (with respect to

litigation costs only); and (3) did not unreasonably protract the administrative or

court proceeding.  Sec. 7430(a), (b)(1), (3); Polz v. Commissioner, T.C. Memo.

2011-117; Nguyen v. Commissioner, T.C. Memo. 2003-313.

A taxpayer must satisfy each of the respective requirements in order to be

entitled to an award of litigation or administrative costs under section 7430.  Rule

232(e); Minahan v. Commissioner, 88 T.C. 492, 497 (1987); Marten v.

Commissioner, T.C. Memo. 2000-186.  Upon satisfaction of these requirements, a

---

[8] Sec. 7430 was amended most recently by Congress in the Community
Renewal Tax Relief Act of 2000 (CRTRA), Pub. L. No. 106-554, app. G, sec.
319(25), 114 Stat. at 2763A-647.  The amendment, which is effective on the date
of enactment of CRTRA (December 21, 2000), affects only sec. 7430(c)(3) and is
purely clerical.

**[*13]** taxpayer may be entitled to reasonable costs incurred in connection with the administrative or court proceeding.  Sec. 7430(a)(1) and (2), (c)(1) and (2).

Without regard to the special rules of section 7430(c)(4)(E), discussed <u>infra</u> part III, the taxpayer must, to be a "prevailing party", (1) substantially prevail with respect to either the amount in controversy or the most significant issue or set of issues presented and (2) satisfy the applicable net worth requirement.  Sec. 7430(c)(4)(A).  The taxpayer will nevertheless fail to qualify as the prevailing party if the Commissioner can establish that the Commissioner's position in the proceeding was substantially justified.  <u>See</u> sec. 7430(c)(4)(B)(i).

In the instant case petitioners substantially prevailed with respect to both the amount in controversy and the issue presented, and respondent does not dispute that petitioners satisfy the net worth requirement.  Accordingly, the focus shifts to whether respondent's position was substantially justified.

## II.  <u>Substantial Justification</u>

The Commissioner's position is substantially justified if, on the basis of all of the facts and circumstances and the legal precedents relating to the case, the Commissioner acted reasonably.  <u>Pierce v. Underwood</u>, 487 U.S. 552 (1988); <u>Polz v. Commissioner</u>, T.C. Memo. 2011-117; <u>Nguyen v. Commissioner</u>, T.C. Memo. 2003-313.  In other words, to be substantially justified, the Commissioner's

**[*14]** position must have a reasonable basis in both law and fact. Pierce v. Underwood, 487 U.S. at 563-565; Swanson v. Commissioner, 106 T.C. 76, 86 (1996). A position is substantially justified if the position is "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. at 565 (construing similar language in the Equal Access to Justice Act).

The reasonableness of the Commissioner's position must also be viewed on the basis of his knowledge of the facts and circumstances available at the time. Williams v. Commissioner, T.C. Memo. 1997-541, aff'd without published opinion, 176 F.3d 486 (9th Cir. 1999). Thus, the Commissioner's position may be incorrect but nevertheless be substantially justified "'if a reasonable person could think it correct'". Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 443 (1997) (quoting Pierce v. Underwood, 487 U.S. at 566 n.2).

The relevant inquiry is "whether * * * [the Commissioner] knew or should have known that * * * [his] position was invalid at the onset". Nalle v. Commissioner, 55 F.3d 189, 191 (5th Cir. 1995), aff'g T.C. Memo. 1994-182. The Court looks to whether the Commissioner's position was reasonable given the available facts and circumstances at the time that he took his position. Maggie Mgmt. Co. v. Commissioner, 108 T.C. at 443; DeVenney v. Commissioner, 85 T.C. 927, 930 (1985); Polz v. Commissioner, T.C. Memo. 2011-117.

**[\*15]**  The fact that the Commissioner eventually concedes, or even loses, a case does not establish that his position was unreasonable.  Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); Sokol v. Commissioner, 92 T.C. 760, 767 (1989).  However, the Commissioner's concession remains a factor to be considered.  Powers v. Commissioner, 100 T.C. 457, 471 (1993), aff'd in part, rev'd in part, and remanded on another issue, 43 F.3d 172 (5th Cir. 1995).

As relevant herein, the position of the United States that must be examined against the substantial justification standard with respect to the recovery of administrative costs is the position taken by the Commissioner as of the date of the issuance of the notice of deficiency, and with respect to litigation costs it is the position taken by the Commissioner as of the date of his answer to the petition.  Huffman v. Commissioner, 978 F.2d 1139, 1148 (9th Cir. 1992), aff'g in part, rev'g in part T.C. Memo. 1991-144; Bertolino v. Commissioner, 930 F.2d 759, 761 (9th Cir. 1991); Polz v. Commissioner, T.C. Memo. 2011-117; Nguyen v. Commissioner, T.C. Memo. 2003-313; see sec. 7430(c)(7)(A) and (B)(ii).  In the instant case, respondent issued the notice of deficiency on July 9, 2012, and filed his answer on November 21, 2012.

Respondent's position both at the time of the issuance of the notice of deficiency and at the time he filed his answer was that Mrs. Bussen's

**[\*16]** compensation from Central Texas College was includable in income. In that regard petitioners did not report Mrs. Bussen's compensation on their 2009 tax return, and respondent relied on the Form W-2 furnished by Central Texas College regarding income paid to Mrs. Bussen. At the time that respondent issued the notice of deficiency and filed the answer to the petition, petitioners had submitted a Form 1040X and a Form 2555-EZ, but they had not provided any documentation supporting their position that Mrs. Bussen satisfied the physical presence test or was otherwise entitled to exclude her compensation from income pursuant to the foreign earned income exclusion under section 911.

Statutory exclusions from income are matters of legislative grace and are narrowly construed. Commissioner v. Schleier, 515 U.S. 323, 328 (1995). Consequently, taxpayers bear the burden of proving that they are entitled to any exclusion claimed. Robertson v. Commissioner, T.C. Memo. 1997-526 (citing Interstate Transit Lines v. Commissioner, 319 U.S. 590, 593 (1943)), aff'd, 190 F.3d 392 (5th Cir. 1999). In other words, taxpayers seeking an exclusion from income must demonstrate they are eligible for the exclusion and "bring themselves within the clear scope of the exclusion." Dobra v. Commissioner, 111 T.C. 339, 349 n.16 (1998).

**[\*17]** Generally, section 911 provides to U.S. taxpayers a limited elective exclusion from gross income for income earned overseas. To qualify for the foreign earned income exclusion for a particular year, a taxpayer: (1) must have a foreign tax home, sec. 911(d)(1); and (2) must either be a bona fide resident of a foreign country for the taxpayer's full taxable year or be physically present in a foreign country or countries for at least 330 days during any consecutive 12 months which overlap the taxpayer's taxable year (physical presence test), sec. 911(d)(1)(A) and (B); see Struck v. Commissioner, T.C. Memo. 2007-42, 2007 WL 549497, at \*3.

The Court has held that whenever the claiming of deductions and credits requires factual determinations, the Commissioner is not obliged to concede such deductions and credits until he has received, and has had a reasonable period of time to verify, adequate substantiation for the matters in question. See Newman v. Commissioner, T.C. Memo. 2012-74; Huynh v. Commissioner, T.C. Memo. 2002-110; Gealer v. Commissioner, T.C. Memo. 2001-180; O'Bryon v. Commissioner, T.C. Memo. 2000-379; Cooper v. Commissioner, T.C. Memo. 1999-6. A taxpayer's self-serving declaration is no ironclad substitute for the records that the law requires. See Weiss v. Commissioner, T.C. Memo. 1999-17; see also Seaboard Commercial Corp. v. Commissioner, 28 T.C. 1034, 1051 (1957) (stating

[*18] that a taxpayer's income tax return is a self-serving declaration that may not be accepted as proof for the deduction or exclusion claimed by the taxpayer); Halle v. Commissioner, 7 T.C. 245, 247 (1946) (stating that a taxpayer's return is not self-proving as to the truth of its contents), aff'd, 175 F.2d 500 (2d Cir. 1949).

As previously stated, petitioners submitted a Form 1040X and a Form 2555-EZ acknowledging that Mrs. Bussen received compensation of $14,365 from Central Texas College in 2009 but claiming that she lived in Germany throughout 2009 and therefore satisfied the physical presence test so as to qualify for the foreign earned income exclusion under section 911. However, petitioners did not submit any documentation supporting their contention until well after respondent issued the notice of deficiency and filed his answer.[9]

The military orders that petitioners submitted on February 5, 2013, did not mention Mrs. Bussen as a "command-sponsored dependent" or otherwise specify that she had accompanied the family overseas. Moreover, Mrs. Bussen's compensation was reported as paid by a college in Texas. Under these

---

[9] Although respondent's Appeals officer was apparently under the misimpression of law that Mrs. Bussen was required to have filed a foreign return and paid foreign tax on her compensation in order to be entitled to the foreign earned income exclusion, the fact remains that petitioners did not provide definitive documentation that Mrs. Bussen satisfied the physical presence test under sec. 911 until such documentation was provided by petitioners' counsel with his letter dated November 26, 2013.

**[*19]** circumstances, Mr. Bussen's military orders did not demonstrate that Mrs. Bussen satisfied the physical presence test for purposes of the foreign earned income exclusion. Accordingly, respondent's position remained substantially justified after the February 5, 2013 fax from petitioners' counsel.

Subsequently, upon receipt of petitioners' counsel's letter dated November 26, 2013, enclosing more definitive documentation (including copies of Mrs. Bussen's passport, petitioners' children's school records, and petitioners' bank records reflecting transactions in Germany throughout 2009), respondent's counsel promptly considered such documentation, concluded that Mrs. Bussen did in fact satisfy the physical presence test under section 911, and formally offered by letter dated December 12, 2013, to settle the case by conceding it in full. Petitioners' counsel accepted the offer, and by the end of the month the Court had entered a decision pursuant to the agreement of the parties.

On the basis of the foregoing, the Court concludes that respondent's position in both the administrative proceeding and the judicial proceeding was substantially justified. Sec. 7430(c)(4)(B)(i).

III. Qualified Offer

Petitioners also argue in their motion that they should be treated as the prevailing party for purposes of section 7430(a) because of the qualified offer rule

**[\*20]** of section 7430(c)(4)(E). The fact that petitioners declined to address this matter in their reply to respondent's response, see supra p. 11, might lead one to conclude that they have abandoned the argument. Nevertheless, the Court addresses it.

A party is treated as the "prevailing party" under section 7430(c)(4)(E)(i) if he or she meets the applicable net worth requirements and "the liability of the taxpayer pursuant to the judgment in the proceeding (determined without regard to interest) is equal to or less than the liability of the taxpayer which would have been so determined if the United States had accepted a qualified offer of the party". The qualified offer rule of section 7430(c)(4)(E) applies without regard to whether the Commissioner's position is substantially justified. See Haas & Assocs. Accountancy Corp. v. Commissioner, 117 T.C. 48, 59 (2001), aff'd, 55 Fed. Appx. 476 (9th Cir. 2003).

Respondent argues that petitioners are not the prevailing party for purposes of section 7430(a) under the qualified offer rule of section 7430(c)(4)(E) because the parties resolved the issue in this case through a settlement entered into before trial.

Section 7430(c)(4)(E)(ii)(I) provides that the qualified offer rule shall not apply to "any judgment issued pursuant to a settlement". In that regard, the record

[*21] is clear that respondent formally conceded the deficiency on December 12, 2013, shortly after receiving the documentation that was enclosed with petitioners' counsel's letter dated November 26, 2013, which documentation served to demonstrate the factual basis supporting the foreign earned income exclusion in respect of Mrs. Bussen's compensation. The parties then executed a settlement document and submitted it to the Court, which entered a decision on December 30, 2013, pursuant to the agreement of the parties. Under these circumstances the Court holds that petitioners' acceptance of respondent's concession constitutes a settlement for purposes of section 7430(c)(4)(E)(ii)(I). See Knudsen v. Commissioner, T.C. Memo. 2013-87; see also Trzeciak v. Commissioner, T.C. Memo. 2012-83; cf. Estate of Lippitz v. Commissioner, T.C. Memo. 2007-293 (holding that a concession by the Commissioner was not a settlement where the taxpayer "actively litigated" by filing a motion for partial summary judgment). In view of the foregoing, the qualified offer rule of section 7430(c)(4)(E)(i) does not serve to make petitioners the prevailing party.

## Conclusion

On the basis of the foregoing, the Court holds that petitioners are not entitled to an award of litigation or administrative costs. Accordingly, the Court need not decide whether the costs claimed by petitioners are reasonable in amount.

[*22]  To reflect the foregoing,

An appropriate order and

decision will be entered.