T.C. Memo. 2011-117

UNITED STATES TAX COURT

RANDOLPH A. POLZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28543-09.                    Filed June 1, 2011.

<u>John J. Pembroke</u>, for petitioner.

<u>John Spencer Hitt</u>, for respondent.

MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court
on petitioner's motion for an award of administrative and
litigation costs, filed pursuant to section 7430 and Rules 230
through 233.[1]  Petitioner seeks an award of $9,622 in respect of

_____

[1]  All section references are to the Internal Revenue Code,
                                        (continued...)

respondent's deficiency determination of $4,500.

After concessions by respondent,[2] the issues for decision are as follows:

(1) Whether respondent's position in the administrative and court proceedings was substantially justified;

(2) whether petitioner exhausted the administrative remedies available within the Internal Revenue Service (IRS);

(3) whether petitioner meets the net worth requirements; and

(4) whether the administrative and litigation costs claimed by petitioner are reasonable.

Neither party requested an evidentiary hearing, and the Court concludes that such a hearing is not necessary for the proper disposition of petitioner's motion.  See Rule 232(a)(2). We therefore decide the matter before us on the record that has been developed to date.

## Background

Petitioner resided in the State of Illinois at the time that his petition was filed with the Court.

---

[1](...continued)
as amended; however, references to sec. 7430 are to such section in effect at the time that the petition was filed.  Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  Respondent concedes:  (1) Petitioner substantially prevailed, see sec. 7430(c)(4)(A)(i); and (2) petitioner did not unreasonably protract the proceedings, see sec. 7430(b)(3).

On his 2007 Federal income tax return petitioner claimed a deduction for alimony paid of $18,000. Petitioner's 2007 return was selected for examination.

On June 29, 2009, respondent sent petitioner a notice of proposed changes (30-day letter), proposing to disallow the alimony deduction of $18,000. In the letter respondent requested specific information and documentation from petitioner to substantiate the alimony deduction.

Petitioner did not respond to the 30-day letter.

By a notice of deficiency dated August 31, 2009, respondent determined a deficiency in petitioner's 2007 Federal income tax of $4,500. The deficiency was attributable to the adjustment proposed in respondent's 30-day letter sent June 29, 2009; namely, the disallowance of the alimony deduction of $18,000.

On December 1, 2009, petitioner through counsel timely filed a petition for redetermination with this Court. See sec. 6213(a). Petitioner placed the entire amount of the deficiency in dispute, assigning error to the adjustment made by respondent in the notice of deficiency. Petitioner alleged, inter alia, that this Court had adjudicated this same issue in his favor as to tax year 2002 and that respondent had determined this same issue in his favor as to tax year 2006. Petitioner attached various substantiating documents to his petition, which documents

were detached by the Clerk of the Court prior to service of the petition on respondent.  See Rule 34(b).

For 2002 respondent issued a notice of deficiency dated January 28, 2005, which notice disallowed petitioner's alimony deduction.  On the basis of that notice of deficiency, petitioner petitioned this Court on March 24, 2005, and a stipulated decision was entered in that case deciding that there was no deficiency for 2002.

For 2006 respondent issued a 30-day letter dated August 15, 2008.  After corresponding with respondent's Appeals Office, petitioner received a letter dated November 17, 2008, stating that no changes were being made to the return as filed for 2006.

With respect to the instant case, on January 21, 2010, respondent filed an answer denying all of petitioner's assignments of error.

On January 25, 2010, respondent referred this case to the Appeals Office, and the case was assigned to Appeals Officer Nancy Jones (AO Jones).  On March 22, 2010, AO Jones sent a letter to petitioner's counsel requesting the specific information and documentation as previously requested in the 30-day letter.

On April 12, 2010, petitioner's counsel faxed to AO Jones the substantiating documents that were not attached to the copy of the petition served on respondent by the Court.  On April 21,

2010, petitioner's counsel faxed additional substantiating documents to AO Jones, including the specific information and documentation requested in the 30-day letter and the March 22, 2010 letter.

During a conference call on April 28, 2010, AO Jones requested relevant caselaw to support petitioner's alimony deduction. Petitioner's counsel submitted such relevant caselaw on May 12 and June 24, 2010.

On August 10, 2010, AO Jones sent petitioner's counsel decision documents conceding respondent's only determination in the notice of deficiency. A stipulated decision was subsequently entered in this case on September 20, 2010.

On October 7, 2010, upon learning that petitioner wanted to file the motion currently pending before the Court, respondent filed an unopposed Motion To Vacate Decision, which motion was granted on October 8, 2010. On November 1, 2010, the parties submitted a Stipulation Of Settled Issues resolving the only issue in this case.

On November 29, 2010, petitioner filed his motion for an award of fees and costs. On February 24, 2011, respondent filed a response to petitioner's motion, objecting to its granting. Thereafter on April 11, 2011, petitioner filed a reply to respondent's objection.

### Discussion

Section 7430 provides for the award of administrative and litigation fees and costs to a taxpayer in a court proceeding brought against the United States involving the determination of any tax, interest, or penalty pursuant to the Internal Revenue Code. An award of litigation costs may be made where the taxpayer: (1) Is the "prevailing party"; (2) exhausted available administrative remedies within the IRS; (3) did not unreasonably protract the proceeding; and (4) claimed reasonable administrative and litigation costs. Sec. 7430(a), (b)(1), (3), (c). These requirements are conjunctive, and failure to satisfy any one will preclude an award of costs to the taxpayer. See Minahan v. Commissioner, 88 T.C. 492, 497 (1987).

To be a "prevailing party", the taxpayer must: (1) Substantially prevail with respect to either the amount in controversy or the most significant issue or set of issues presented; and (2) satisfy the applicable net worth requirement. Sec. 7430(c)(4)(A). The taxpayer will nevertheless fail to qualify as the prevailing party if the Commissioner can establish that the Commissioner's position in the administrative and court proceedings was substantially justified. Sec. 7430(c)(4)(B)(i).

Respondent concedes that petitioner substantially prevailed but argues that petitioner nevertheless should not be awarded

administrative and litigation fees and costs because respondent's position in the proceedings was substantially justified.

The Commissioner's position is substantially justified if, based on all of the facts and circumstances and the legal precedents relating to the case, the Commissioner acted reasonably. Pierce v. Underwood, 487 U.S. 552 (1988); Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). In other words, to be substantially justified, the Commissioner's position must have a reasonable basis in both law and fact. Pierce v. Underwood, supra at 563-565; Swanson v. Commissioner, 106 T.C. 76, 86 (1996). A position is substantially justified if the position is "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, supra at 565 (construing similar language in the Equal Access to Justice Act). Thus, the Commissioner's position may be incorrect but nevertheless be substantially justified "'if a reasonable person could think it correct'". Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 443 (1997) (quoting Pierce v. Underwood, supra at 566 n.2).

The relevant inquiry is "whether * * * [the Commissioner] knew or should have known that * * * [his] position was invalid at the onset". Nalle v. Commissioner, 55 F.3d 189, 191 (5th Cir. 1995), affg. T.C. Memo. 1994-182. We look to whether the Commissioner's position was reasonable given the available facts

and circumstances at the time that the Commissioner took his position.  Maggie Mgmt. Co. v. Commissioner, supra at 443; DeVenney v. Commissioner, 85 T.C. 927, 930 (1985).

The fact that the Commissioner eventually concedes, or even loses, a case does not establish that his position was unreasonable.  Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); Sokol v. Commissioner, 92 T.C. 760, 767 (1989).  However, the Commissioner's concession does remain a factor to be considered.  Powers v. Commissioner, 100 T.C. 457, 471 (1993), affd. in part, revd. in part and remanded on another issue 43 F.3d 172 (5th Cir. 1995).

As relevant herein, the position of the United States that must be examined against the substantial justification standard with respect to the recovery of administrative costs is the position taken by the Commissioner as of the date of the notice of deficiency.  Sec. 7430(c)(7)(B)(ii).  The position of the United States that must be examined against the substantial justification standard with respect to the recovery of litigation costs is the position taken by the Commissioner in the answer to the petition.  Bertolino v. Commissioner, 930 F.2d 759, 761 (9th Cir. 1991); Sher v. Commissioner, 861 F.2d at 134-135; see sec. 7430(c)(7)(A).  Ordinarily, we consider the reasonableness of each of these positions separately in order to allow the Commissioner to change his position.  Maggie Mgmt. Co. v.

Commissioner, supra at 442 (citing Huffman v. Commissioner, 978 F.2d 1139, 1144-1147 (9th Cir. 1992), affg. in part and revg. in part on another ground T.C. Memo. 1991-144).  In the present case, however, we need not follow this approach because respondent's position was essentially the same in the administrative and judicial proceedings.  See Maggie Mgmt. Co. v. Commissioner, supra at 442.  More specifically, respondent's position was that petitioner had failed to substantiate his entitlement to the alimony deduction.

     Deductions are matters of legislative grace, and the taxpayer bears the burden of proof to establish entitlement to any claimed deduction.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  This burden requires the taxpayer to substantiate deductions claimed by maintaining records necessary to establish both the taxpayer's entitlement to such items and the proper amount thereof.  Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), Income Tax Regs.; see Rule 142(a); INDOPCO, Inc. v. Commissioner, supra at 84; Welch v. Helvering, 290 U.S. 111, 115 (1933); Williams v. Commissioner, T.C. Memo. 1997-541 (The Commissioner's position was substantially justified because no new information was received between the time the notice of deficiency was issued and the time the answer was filed), affd.

without published opinion 176 F.3d 486 (9th Cir. 1999); see also sec. 7491(a)(2)(A) and (B). A taxpayer's self-serving declaration is no ironclad substitute for the records that the law requires. See Weiss v. Commissioner, T.C. Memo. 1999-17; see also Seaboard Commercial Corp. v. Commissioner, 28 T.C. 1034, 1051 (1957) (a taxpayer's income tax return is a self-serving declaration that may not be accepted as proof for the deduction or exclusion claimed by the taxpayer); Halle v. Commissioner, 7 T.C. 245, 247 (1946) (a taxpayer's return is not self-proving as to the truth of its contents), affd. 175 F.2d 500 (2d Cir. 1949).

A factual determination is required in order to decide whether a taxpayer is entitled to the alimony deduction. See sec. 71. We have held that whenever the resolution of adjustments requires factual determinations, the Commissioner is not obliged to concede those adjustments until the Commissioner has received, and has had a reasonable time to verify, adequate substantiation for the matters in question. See Huynh v. Commissioner, T.C. Memo. 2002-110; Gealer v. Commissioner, T.C. Memo. 2001-180 (and cases cited therein); O'Bryon v. Commissioner, T.C. Memo. 2000-379 (and cases cited therein); Cooper v. Commissioner, T.C. Memo. 1999-6.

Based on the facts available to respondent at the time the notice of deficiency was issued and the answer was filed, as well as longstanding legal precedent regarding the availability of tax

deductions, respondent's position had a reasonable basis in both law and fact and therefore was substantially justified. See Maggie Mgmt. Co. v. Commissioner, 108 T.C. at 443. When respondent issued the notice of deficiency and filed his answer, he had not received documentation sufficient to substantiate petitioner's entitlement to the alimony deduction. See Kahn-Langer v. Commissioner, T.C. Memo. 1995-527.

Petitioner contends that it was unreasonable for respondent to require adequate substantiation for the adjustment in issue because: (1) This Court had adjudicated the same issue in petitioner's favor as to 2002 by entering a stipulated decision, and (2) respondent had determined the same issue in petitioner's favor as to 2006. However, each taxable year stands alone, and the Commissioner may challenge in a succeeding year what was condoned or agreed to in a previous year. Auto. Club of Mich. v. Commissioner, 353 U.S. 180 (1957); Rose v. Commissioner, 55 T.C. 28 (1970); see Ryan v. Commissioner, T.C. Memo. 1999-109 (it is irrelevant whether the taxpayer was permitted to take alimony deductions in prior years). Thus, petitioner's entitlement to the alimony deduction in prior years does not necessarily entitle petitioner to the deduction in subsequent years.

We note further that when respondent finally received the specific information and documentation as requested in the 30-day letter, the documentation was considered by respondent's Appeals

Office and a basis of settlement was reached within a relatively brief time thereafter.[3]

In view of the foregoing, we hold that respondent's position in the administrative and judicial proceedings was substantially justified.

Because respondent's position was substantially justified, we need not and do not decide whether petitioner exhausted his administrative remedies, whether petitioner met the net worth requirements, or whether the administrative and litigation costs claimed by petitioner are reasonable in amount.

Accordingly, we hold that petitioner is not entitled to an award of administrative and litigation costs.

### Conclusion

We have considered all of the arguments made by petitioner, and, to the extent that we have not specifically addressed them, we conclude that they do not support a result contrary to that reached herein.

In order to reflect the foregoing,

An appropriate order and decision will be entered.

---

[3] If the specific information and documentation requested in the 30-day letter had been furnished to respondent, then most likely a notice of deficiency would not have been issued. Query if petitioner had attached the specific information and documentation to his return, whether the 30-day letter would have even been issued.