T.C. Memo. 2014-249

UNITED STATES TAX COURT

LARRY J. AUSTIN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28393-09.                    Filed December 11, 2014.

John Edward Williams, for petitioner.

Joy E. Gerdy Zogby, Paul T. Butler, and Nancy S. Vozar Knapp, for
respondent.

MEMORANDUM OPINION

NEGA, Judge:  This case is before the Court on petitioner's motion for an

award of litigation and administrative costs.  Petitioner seeks attorney's fees,

**[\*2]** accounting fees, and other professional fees under section 7430 and Rule

231.[1]  We hold that he is not entitled to such an award.

<u>Background</u>

We briefly summarize the facts of this case to rule on the instant motion.

Our findings of fact are based on the pleadings, petitioner's motion for an award

of litigation and administrative costs and respondent's response thereto, and

petitioner's reply to respondent's response to petitioner's motion.  Neither party

requested an evidentiary hearing, and we see nothing in petitioner's motion,

respondent's response, or petitioner's reply that necessitates a hearing.  <u>See</u> Rule

232(a)(2).  Petitioner resided in Virginia at the time he filed his petition.

Petitioner received his law degree from Harvard Law School in 1980.  From

the late 1990s through mid-2005 petitioner participated in and/or facilitated

various listed transactions subject to disclosure under section 1.6011-4(b)(2),

Income Tax Regs., including intermediary transaction tax shelters, tax avoidance

using artificially high basis transactions, partnership straddle tax shelters, and

distressed asset debt transactions.

---

[1]All section references are to the Internal Revenue Code in effect at all
relevant times, and all Rule references are to the Tax Court Rules of Practice and
Procedure, unless otherwise indicated.

[*3]   From 2001 to 2004 petitioner was one of three managing directors of Chenery Associates, Inc. (Chenery), a corporation with its main office in San Francisco, California.  As stated by petitioner in his petition, Chenery coordinated the purchase of distressed assets in South Korea by U.S. residents.  In or around 2001 petitioner established an account (Korean bank account) with the Seoul branch of Citibank Korea, Inc., titled solely in his own name and over which he held signatory authority.  In 2001 there were total deposits of $4,108,631 into the Korean bank account.  In 2002 $773,911 was deposited into the Korean bank account, and $1,450,000 was withdrawn.  In 2004 $349,968 was deposited into the Korean bank account, and $350,095 was withdrawn.  Petitioner admits that the 2002 and 2004 transactions resulted in "about $1.8M of potential taxable income to [p]etitioner with respect to his connection to the * * *[Korean bank account]".

Separate and apart from the Korean bank account at Citibank Korea, petitioner established a bank account in his name at Korea Development Bank (KDB account) as early as December 2001.  In December 2001 petitioner transferred $1 million from the Korean bank account to the KDB account.  In February 2002 petitioner transferred $406,026 from the Korean bank account to the KDB account.  In December 2004 petitioner transferred $30,000 from the Korean bank account to his personal Chase Visa credit card account.

[*4]  Petitioner did not timely file individual income tax returns for tax years 2000-2004.  In September and October 2006 petitioner filed late returns for tax years 2000-2004.  Petitioner reported interest income from the Korean bank account on his delinquent returns for 2001, 2002, 2003, and 2004.

Respondent issued a notice of deficiency to petitioner on August 31, 2009, for tax years 2000-2004 determining deficiencies in petitioner's income tax of $143,696, $1,778,265, $75,702, $219,843, and $133,846 for tax years 2000, 2001, 2002, 2003, and 2004, respectively.  Respondent determined section 6662(a) penalties of $28,739, $348,509, $15,140, $43,969, and $26,769 for tax years 2000, 2001, 2002, 2003, and 2004, respectively.  Respondent also determined section 6651(f) additions to tax for fraudulent failure to file of $107,772, $1,333,699, $56,777, $164,882, and $100,385 for tax years 2000, 2001, 2002, 2003, and 2004, respectively (or, in the alternative, that additions to tax under section 6651(a) applied for those years).  Respondent asserted that these deficiencies arose chiefly from the following:  (1) petitioner's failure to report on his 2000 tax return a State income tax refund of $581,314 for tax year 1999, (2) adjustment of petitioner's distributive loss from Platypus Holdings, Inc., from $106,277 as reported on his 2001 tax return to $16,842, and (3) allocation of taxable income to petitioner in the amounts of the gross receipts deposited into the Korean bank account during

[*5] 2001, 2002, and 2004. Respondent used the bank deposits method in his determination that petitioner had taxable income as a result of deposits into the Korean bank account. Respondent also disallowed some of petitioner's itemized deductions attributable to medical expenses.

Petitioner filed the petition in this case on November 30, 2009. Petitioner's petition claimed that: (1) as part of Chenery's purchase of distressed Korean assets, Korea Development Bank (KDB) required Chenery to establish an escrow account funded with $1 million, (2) the Korean bank account forms did not allow him to indicate on the name of the account that he was acting as an escrow agent, which is why the account was titled solely in the name of "Larry J. Austin", and (3) no part of the funds that passed into or out of the Korean bank account was his personal funds.

Petitioner and respondent entered into a stipulation of settled issues on November 15, 2012. The stipulation of settled issues recites deficiencies in petitioner's Federal income tax and additions to tax and penalties due under sections 6651(a)(1) and 6662(a) for tax years 2000, 2001, and 2004. In reaching the stipulation of settled issues, respondent conceded that "several large transfers" out of the Korean bank account were not income, and petitioner conceded over $500,000 as income related to the Korean bank account.

[*6]                                                Discussion

Under section 7430(a), the prevailing party in any administrative or court proceeding brought against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty pursuant to the Internal Revenue Code may be awarded reasonable administrative and litigation costs.  To receive an award of costs, the taxpayer must:  (1) be the prevailing party, (2) have exhausted the available administrative remedies, and (3) not have unreasonably protracted the proceeding.  Sec. 7430(a) and (b)(1), (3).  Furthermore, the amount of costs requested must be reasonable.  Sec. 7430(a).  The requirements of section 7430 are conjunctive, and failure to satisfy one of the requirements will preclude recovery of costs by the taxpayer.  See Minahan v. Commissioner, 88 T.C. 492, 497 (1987).

To be the prevailing party, the taxpayer must:  (1) substantially prevail with respect to either the amount in controversy or the most significant issue or set of issues presented, and (2) satisfy the net worth requirements of section 2412(d)(1)(B).  Sec. 7430(c)(4)(A)(i) and (ii).  The taxpayer will nevertheless generally fail to qualify as the prevailing party if the Commissioner establishes that his position in the administrative and court proceedings was substantially justified.  Sec. 7430(c)(4)(B)(i).  Although the taxpayer bears the burden of

**[\*7]** proving he substantially prevailed and meets the net worth requirements, the Commissioner bears the burden of proving that the Government's position was substantially justified. Id.; Corson v. Commissioner, 123 T.C. 202, 206 (2004).

Respondent concedes that petitioner substantially prevailed with respect to the amount in controversy and meets the net worth requirements of section 2412(d)(1)(B) but argues that petitioner should be denied an award of administrative and litigation costs and fees because respondent's position in the proceedings was substantially justified.

The Commissioner's position is substantially justified if, in view of all of the facts and circumstances and the legal precedents relating to the case, the Commissioner acted reasonably. Pierce v. Underwood, 487 U.S. 552 (1988); Sher v. Commissioner, 89 T.C. 79, 84 (1987), aff'd, 861 F.2d 131 (5th Cir. 1988). A "substantially justified" position is one that has "substantial evidence" to support it and is "justified to a degree that could satisfy a reasonable person." Underwood, 487 U.S. at 564, 565. Substantial evidence does not require a "large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. at 564-565 (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The Commissioner's position may be incorrect but nevertheless be "substantially

**[\*8]** justified 'if a reasonable person could think it correct'". <u>Maggie Mgmt. Co. v. Commissioner</u>, 108 T.C. 430, 443 (1997) (quoting <u>Underwood</u>, 487 U.S. at 566 n.2).

Whether the Commissioner acted reasonably turns upon "those available facts which formed the basis for the position taken in the notice of deficiency and during the litigation, as well as upon any legal precedents related to the case." <u>Id.</u> (citing <u>DeVenney v. Commissioner</u>, 85 T.C. 927, 930 (1985)); <u>see</u> <u>Nalle v. Commissioner</u>, 55 F.3d 189, 191-192 (5th Cir. 1995), <u>aff'g</u> T.C. Memo. 1994-182. Further, the fact that the Commissioner eventually loses or concedes an issue does not establish that his position was unreasonable. <u>Estate of Perry v. Commissioner</u>, 931 F.2d 1044, 1046 (5th Cir. 1991); <u>Swanson v. Commissioner</u>, 106 T.C. 76, 94 (1996); <u>Sokol v. Commissioner</u>, 92 T.C. 760, 767 (1989). However, it is a factor to be considered. <u>Maggie Mgmt. Co. v. Commissioner</u>, 108 T.C. at 443.

With respect to the recovery of administrative costs, the position of the United States that must be examined against the substantial justification standard is the position taken by the Commissioner in the notice of deficiency. Sec. 7430(c)(7)(B)(ii); <u>Polz v. Commissioner</u>, T.C. Memo. 2011-117, 2011 Tax Ct. Memo LEXIS 114, at \*8. With respect to the recovery of litigation costs, the Commissioner's position that must be examined against the substantial

**[*9]** justification standard is the position taken in the answer to the petition. Bertolino v. Commissioner, 930 F.2d 759, 761 (9th Cir. 1991); Sher v. Commissioner, 861 F.2d at 134-135; see sec. 7430(c)(7)(A). Ordinarily, we consider the reasonableness of each of these positions separately so as to allow the Commissioner to change his position. Maggie Mgmt. Co. v. Commissioner, 108 T.C. at 442 (citing Huffman v. Commissioner, 978 F.2d 1139, 1144-1147 (9th Cir. 1992), aff'g in part, rev'g in part, T.C. Memo. 1991-144). Respondent's position was essentially the same in both the administrative and the judicial proceedings. See id. Specifically, respondent's position with respect to several issues was: (1) petitioner failed to report a State income tax refund; (2) petitioner overstated his distributive share of losses from Platypus Holdings, Inc.; (3) petitioner had unreported income from the Korean bank account; (4) petitioner was liable for the section 6662(a) addition to tax; and (5) petitioner was liable for the section 6651(f) addition to tax or, in the alternative, the section 6651(a)(1) addition to tax. In petitioner's reply to respondent's response to petitioner's motion for an award of administrative and litigation costs, petitioner conceded that respondent was "substantially justified in proposing the state tax and Platypus issue, and with respect to the accuracy related penalties and additions to tax". Accordingly, the

[*10] only issue we need analyze is whether respondent was substantially justified in his position that petitioner had unreported income from the Korean bank account.

Bank deposits are prima facie evidence of income, and the Commissioner does not need to prove a likely source of such income. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); Estate of Mason v. Commissioner, 64 T.C. 651, 656-657 (1975), aff'd, 566 F.2d 2 (6th Cir. 1977). The use of the bank deposits method has long been sanctioned by the courts. Estate of Mason v. Commissioner, 64 T.C. at 656. The bank deposits method assumes that all money deposited into a taxpayer's account during a given period constitutes taxable income. Price v. United States, 335 F.2d 671, 677 (5th Cir. 1964). When the bank deposits method is used, "the Government must take into account any non-taxable source or deductible expense of which it has knowledge." Id. The taxpayer bears the burden of proving that bank deposits come from nontaxable sources. Clayton v. Commissioner, 102 T.C. 632, 645-646 (1994).

There were large deposits into and withdrawals out of the Korean bank account in 2001, 2002 and 2004. The account was titled solely in petitioner's name, and he held signatory authority it. Petitioner reported interest income from the account on his personal income tax returns for 2001-04. Petitioner also

[*11] transferred substantial amounts from the Korean bank account to the KDB account and to his personal credit card account. Petitioner argues that his own sworn statements and an affidavit from his copromoter at Chenery, Roy Hahn, should have been sufficient to establish that the deposits into the Korean bank account did not constitute taxable income. However, respondent requested third-party documentation to corroborate petitioner's statements, and petitioner did not provide any documentation. It was reasonable for respondent to request corroboration from third parties to confirm petitioner's and Mr. Hahn's statements regarding the Korean bank account. See Simpson v. Commissioner, T.C. Memo. 1995-194, 1995 Tax Ct. Memo LEXIS 196, at *15; cf., e.g., DeVenney v. Commissioner, 85 T.C. at 933. Given the foregoing, we find that respondent's position with regard to petitioner's having unreported income from the Korean bank account was substantially justified. Therefore, petitioner is not the prevailing party with respect to this issue and may not recover any administrative or litigation costs. See sec. 7430(c)(4)(B). Accordingly, we need not analyze the other requirements of section 7430.

In reaching our holding, we have considered all remaining arguments made by the parties and, to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

**[\*12]**  To reflect the foregoing, petitioner's motion for an award of administrative and litigation costs will be denied.

<u>An appropriate order and decision will be entered</u>.