T.C. Summary Opinion 2015-4

UNITED STATES TAX COURT

ESTATE OF RODRIGO F. FENTA, DECEASED, CARLOS FENTA, TRUSTEE
OF THE RODRIGO FENTA TRUST, Petitioner[1] v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13425-13S.                    Filed February 2, 2015.

Caroline Tso Chen, for petitioner.

Christopher M. Groboske, for respondent.

---

[1] The petition in this case was filed by Rodrigo F. Fenta, who died during the pendency of this case. Mr. Fenta's brother, Carlos Fenta, was appointed the trustee of the Rodrigo Fenta Trust; thereafter the Estate of Rodrigo F. Fenta, Deceased, Carlos Fenta, Trustee of the Rodrigo Fenta Trust, was substituted as the party petitioner. See Rule 63(a), Tax Court Rules of Practice and Procedure. For convenience, we shall hereinafter refer to Rodrigo Fenta as petitioner.

SUMMARY OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463.[2]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Petitioner commenced this action for redetermination in response to a notice of deficiency dated March 11, 2013, determining a deficiency in income tax of $13,180 and an accuracy-related penalty of $2,636 for 2010.  In a Stipulation Of Settled Issues filed June 24, 2014, the parties resolved all of the substantive issues. Presently before the Court is petitioner's Motion for Reasonable Litigation or Administrative Costs, filed August 13, 2014, pursuant to section 7430 and Rules 230 through 233.  In the motion petitioner seeks an award of costs of $26,690.[3]

The issue for decision is whether petitioner is entitled to an award of reasonable litigation and administrative costs.  Central to the resolution of this

---

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect when the petition was filed.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[3] This amount includes a request for "student attorney fees" of $17,025 for the services of a student at the Santa Clara University School of Law Low Income Taxpayer Clinic and a request for counsel fees of $9,595 for the services of the clinic director.

issue is whether respondent's position in the administrative and court proceedings was substantially justified.

Petitioner has requested a hearing on the motion. Upon review of the record, the Court concludes that petitioner's motion can be decided without a hearing. See Rule 232(a)(2) ("A motion for reasonable litigation or administrative costs ordinarily will be disposed of without a hearing unless it is clear * * * that there is a bona fide factual dispute that cannot be resolved without an evidentiary hearing.").

<u>Background</u>

The record establishes and/or the parties do not dispute the following:

Petitioner resided in the State of California at the time that the petition was filed with the Court.

Petitioner was the owner of Lakeside Lounge for over 30 years until he sold it in or after November 2010. Lakeside Lounge was a food and beverage establishment with a bar. It was a cash-intensive business, especially with respect to the sale of alcohol at the bar, which appears to have been its principal source of income.

Petitioner operated Lakeside Lounge as a sole proprietorship, and he reported its income on a Schedule C, Profit or Loss From Business, which he

attached to his personal income tax return.  Petitioner's brother, Carlos Fenta, assisted with the operation of Lakeside Lounge after petitioner suffered a heart attack.

At some point the California State Board of Equalization (BOE) audited Lakeside Lounge's books and records to verify its gross receipts for State tax purposes.  Using a percentage-markup analysis, the BOE concluded that Lakeside Lounge had underreported its gross receipts for 2010 by $41,351.[4]  Petitioner eventually acquiesced in such determination and agreed to pay the additional tax determined by the BOE.

Sometime after the BOE audit the Internal Revenue Service (IRS) began its examination of petitioner's income tax return for 2010 and in particular his Schedule C for Lakeside Lounge.  Petitioner provided respondent's revenue agent with some handwritten daily statements purporting to summarize Lakeside Lounge's cash register tape, commonly referred to as the "Z tape", which records each sales transaction.  Petitioner did not, however, provide the revenue agent with either original receipts or the Z tape itself, nor did he provide any substantiation regarding spillage and theft that allegedly depleted some portion of the inventory

---

[4] It would appear that this amount was for the period of time that petitioner owned Lakeside Lounge.

of Lakeside Lounge.  Ultimately, after issuing third-party summonses and obtaining invoices for alcohol delivered by petitioner's suppliers, the revenue agent concluded that the business did not maintain adequate books and records and, adopting the percentage-markup analysis used by the BOE to reconstruct petitioner's gross receipts, proposed a deficiency in petitioner's income tax.

Notice of Deficiency for 2010

On March 11, 2013, on the basis of the revenue agent's examination, respondent sent petitioner a notice of deficiency for 2010, determining a deficiency of $13,180 and an accuracy-related penalty of $2,636 on the basis of underreported gross receipts.  Petitioner timely filed a petition for redetermination, challenging respondent's determination.  Thereafter, respondent filed an answer on July 24, 2013.

Respondent's position in the notice of deficiency and his position in the answer were the same, namely, that petitioner had underreported Lakeside Lounge's gross receipts on his Schedule C for 2010.

Substantive Resolution of the Instant Case

Sometime after respondent filed his answer, petitioner provided respondent with additional information and documentation, including the Z tape for a portion of 2010.  On the basis of such information and documentation, the parties

negotiated both gross receipts and percentages for spillage and theft and, a few weeks before the scheduled trial date in May 2014, reached a basis for settlement. Thereafter, a Stipulation of Settled Issues was filed with the Court on June 24, 2014, in which the parties agreed to a deficiency of $1,655 and no penalty for 2010.

Petitioner's Motion For Reasonable Litigation Or Administrative Costs

On August 13, 2014, petitioner filed a Motion For Reasonable Litigation Or Administrative Costs, together with a Memorandum Of Points And Authorities in support thereof.

On October 14, 2014, respondent filed a response objecting to petitioner's motion. The grounds on which respondent objects include: (1) petitioner did not exhaust his administrative remedies; (2) petitioner did not incur any administrative costs; and (3) petitioner was not the prevailing party because respondent's position was substantially justified.

On November 12, 2014, petitioner filed a reply to respondent's response. On that same date respondent filed a supplement to his response.

The parties' filings include both affidavits and numerous exhibits.

Discussion

The Court applies section 7430 as amended by Congress in the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, sec. 3101, 112 Stat. at 727.[5]

I.  Requirements for a Judgment Under Section 7430

Under section 7430, a judgment for litigation or administrative costs incurred in connection with a court or administrative proceeding may be awarded only if a taxpayer:  (1) is the prevailing party; (2) has exhausted his or her administrative remedies with the IRS (with respect to litigation costs only); and (3) did not unreasonably protract the administrative or court proceeding.  Sec. 7430(a), (b)(1), (3); Polz v. Commissioner, T.C. Memo. 2011-117; Nguyen v. Commissioner, T.C. Memo. 2003-313.

A taxpayer must satisfy each of the respective requirements to be entitled to an award of litigation or administrative costs under section 7430.  Rule 232(e); Minahan v. Commissioner, 88 T.C. 492, 497 (1987); Marten v. Commissioner, T.C. Memo. 2000-186.  Upon satisfaction of these requirements, a taxpayer may

---

[5] Sec. 7430 was amended most recently by Congress in the Community Renewal Tax Relief Act of 2000 (CRTRA), Pub. L. No. 106-554, app. G, sec. 319(25), 114 Stat. at 2763A-647.  The amendment, which is effective on the date of enactment of CRTRA (December 21, 2000), affects only sec. 7430(c)(3) and is purely clerical.

be entitled to reasonable costs incurred in connection with the administrative or court proceeding.  Sec. 7430(a)(1) and (2), (c)(1) and (2).

To be a prevailing party, the taxpayer must:  (1) substantially prevail with respect to either the amount in controversy or the most significant issue or set of issues presented and (2) satisfy the applicable net worth requirement.  Sec. 7430(c)(4)(A).  The taxpayer will nevertheless fail to qualify as the prevailing party if the Commissioner can establish that the Commissioner's position in the proceeding was substantially justified.  See sec. 7430(c)(4)(B)(i).

In the instant case the parties agree that petitioner substantially prevailed with respect to the amount in controversy and that he satisfies the net worth requirement.  Accordingly, the focus shifts to whether respondent's position was substantially justified.

## II.  Substantial Justification

The Commissioner's position is substantially justified if, on the basis of all of the facts and circumstances and the legal precedents relating to the case, the Commissioner acted reasonably.  Pierce v. Underwood, 487 U.S. 552 (1988); Polz v. Commissioner, T.C. Memo. 2011-117; Nguyen v. Commissioner, T.C. Memo. 2003-313.  In other words, to be substantially justified, the Commissioner's position must have a reasonable basis in both law and fact.  Pierce v. Underwood,

487 U.S. at 563-565; Swanson v. Commissioner, 106 T.C. 76, 86 (1996). A position is substantially justified if the position is "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. at 565 (construing similar language in the Equal Access to Justice Act).

The reasonableness of the Commissioner's position must also be viewed on the basis of his knowledge of the facts and circumstances available at the time. Williams v. Commissioner, T.C. Memo. 1997-541, aff'd without published opinion, 176 F.3d 486 (9th Cir. 1999). Thus, the Commissioner's position may be incorrect but nevertheless be substantially justified "'if a reasonable person could think it correct'". Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 443 (1997) (quoting Pierce v. Underwood, 487 U.S. at 566 n.2).

The relevant inquiry is "whether * * * [the Commissioner] knew or should have known that * * * [his] position was invalid at the onset". Nalle v. Commissioner, 55 F.3d 189, 191 (5th Cir. 1995), aff'g T.C. Memo. 1994-182. The Court looks to whether the Commissioner's position was reasonable given the available facts and circumstances at the time that he took his position. Maggie Mgmt. Co. v. Commissioner, 108 T.C. at 443; DeVenney v. Commissioner, 85 T.C. 927, 930 (1985); Polz v. Commissioner, T.C. Memo. 2011-117.

The fact that the Commissioner eventually concedes, or even loses, a case does not establish that his position was not substantially justified. Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); Sokol v. Commissioner, 92 T.C. 760, 767 (1989). However, the Commissioner's concession remains a factor to be considered. Powers v. Commissioner, 100 T.C. 457, 471 (1993), aff'd in part, rev'd in part, and remanded on another issue, 43 F.3d 172 (5th Cir. 1995).

As relevant herein, the position of the United States that must be examined against the substantial justification standard with respect to the recovery of administrative costs is the position taken by the Commissioner as of the date of the issuance of the notice of deficiency, and with respect to litigation costs, as of the date of his answer to the petition. Huffman v. Commissioner, 978 F.2d 1139, 1148 (9th Cir. 1992), aff'g in part, rev'g in part T.C. Memo. 1991-144; Bertolino v. Commissioner, 930 F.2d 759, 761 (9th Cir. 1991); Polz v. Commissioner, T.C. Memo. 2011-117; Nguyen v. Commissioner, T.C. Memo. 2003-313; see sec. 7430(c)(7)(A) and (B)(ii).

In the instant case respondent issued the notice of deficiency on March 11, 2013, and filed his answer on July 24, 2013. Respondent's position both at the time of the issuance of the notice of deficiency and at the time he filed his answer

was that petitioner had underreported Lakeside Lounge's gross receipts on his Schedule C for 2010.

A. Petitioner's Records and the Percentage-Markup Analysis

Taxpayers are required to maintain such "permanent books of account or records, including inventories, as are sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown by such person in any return of such tax or information." Sec. 1.6001-1(a), Income Tax Regs. The records must "include the taxpayer's regular books of account and such other records and data as may be necessary to support the entries on his books of account and on his return". Sec. 1.446-1(a)(4), Income Tax Regs.; see also Kikalos v. United States, 408 F.3d 900, 901 (7th Cir. 2005); DiLeo v. Commissioner, 96 T.C. 858, 867 (1991), aff'd, 959 F.2d 16 (2d Cir. 1992).

When a taxpayer fails to keep adequate books and records, the Commissioner is authorized by section 446 to reconstruct the taxpayer's income using any reasonable method. Sec. 446(b); see Petzoldt v. Commissioner, 92 T.C. 661, 686-687 (1989); Rungrangsi v. Commissioner, T.C. Memo. 1998-391. In the instant case, when respondent used the percentage-markup analysis, petitioner had failed to provide Lakeside Lounge's receipts, Z tape, or other original

documentation that would support his handwritten daily summaries nor adequate substantiation regrading spillage and theft of inventory.

Petitioner argues that respondent violated the Internal Revenue Manual (IRM) and that the revenue agent was not authorized to reconstruct Lakeside Lounge's gross receipts. However, the IRM pt. 4.10.4.3.3.5(6) (Aug. 9, 2011) states:

> The lack of books and records or the underlying source documents will justify expansion of an income probe beyond the minimum income probes.
>
> Example: The taxpayer owns and operates a cash-intensive food service business. The taxpayer's books and records tie to the tax return. As part of the audit, the examiner should test gross receipts by tying the original source documents (cash register receipts and/or invoices) to the books. However, the taxpayer does not have the original documents.

The example in the IRM is analogous to the instant case. Lakeside Lounge is a cash-intensive business in the food and beverage industry, just as in the example in the IRM. Additionally, petitioner failed to provide respondent with the underlying source documents. Therefore, respondent acted in accordance with the IRM and was authorized to reconstruct petitioner's income. See also Smith v. Commissioner, T.C. Memo. 1998-143, 1998 WL 175866; Edgmon v. Commissioner, T.C. Memo. 1993-486.

The percentage-markup method is generally a permissible method of reconstructing income. See Rataiczak v. Commissioner, T.C. Memo. 1999-285; Bollella v. Commissioner, T.C. Memo. 1965-162, aff'd, 374 F.2d 96 (6th Cir. 1967). Under the percentage-markup method, gross sales are determined by adding a predetermined percentage of profit to cost of goods sold. Bernstein v. Commissioner, 267 F.2d 879, 880 (5th Cir. 1959), aff'g T.C. Memo. 1956-260.

Petitioner argues that the cases respondent cites supporting the use of the percentage-markup method are distinguishable from the instant case because those cases deal with criminal activities or fraud. However, the Court has consistently approved the use of the percentage-markup method as an acceptable means of computing a taxpayer's income for civil cases not involving fraud. See, e.g., Douglas v. Commissioner, T.C. Memo. 2014-104; Rataiczak v. Commissioner, T.C. Memo. 1999-285; see also Kikalos v. Commissioner, T.C. Memo. 1998-92, rev'd on other grounds, 190 F.3d 791 (7th Cir. 1999). In addition, the Court has previously held that the Commissioner may apply indirect methods of income reconstruction so long as the method is reasonable. Smith v. Commissioner, 1998 WL 175866, at *4 (citing Schroeder v. Commissioner, 40 T.C. 30, 33 (1963)).

B.  Respondent's Use of the Percentage-Markup Method

Respondent's use of the percentage-markup method was reasonable given the degree of information that petitioner initially provided.  Both at the time that respondent issued the notice of deficiency and the time that he filed his answer, petitioner had not provided respondent with any original books or records from which petitioner prepared Lakeside Lounge's handwritten daily summaries nor with adequate substantiation regarding spillage and theft of inventory.  The revenue agent's examination applied the percentage-markup method consistent with the BOE audit, to which petitioner ultimately acquiesced.  It was not until sometime after respondent filed his answer that petitioner provided information and documentation sufficient to support his handwritten daily summaries and his allegations regarding spillage and theft, at which point the parties negotiated a settlement.  Thus, on the basis of the facts available to respondent at the time that notice of deficiency was mailed and the time that the answer was filed, respondent's position had a reasonable basis in both law and fact and therefore was substantially justified.  See Maggie Mgmt. Co. v. Commissioner, 108 T.C. at 443; see also Polz v. Commissioner, T.C. Memo. 2011-117; Nguyen v. Commissioner, T.C. Memo. 2003-313.

III. <u>Remaining Requirements of Section 7430</u>

Because respondent's position was substantially justified both on the date that the notice of deficiency was mailed and on the date that the answer was filed, the Court needs not address the other grounds on which respondent objects to petitioner's motion.

Conclusion

In view of the foregoing, the Court holds that petitioner is not entitled to an award of litigation or administrative costs.

In so holding, the Court has considered all of the arguments raised by petitioner and, to the extent not expressly addressed herein, concludes that those arguments are insufficient to support a conclusion contrary to that reached above.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.