T.C. Summary Opinion 2017-68

UNITED STATES TAX COURT

TIMOTHY C. ROECKEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30194-15S.                          Filed August 28, 2017.

Timothy C. Roeckel, pro se.

<u>Tamara L. Kotzer</u>, <u>Nancy C. Carver</u>, and <u>Michael T. Garrett</u>,

for respondent.

SUMMARY OPINION

GUY, <u>Special Trial Judge</u>:  This case was conducted pursuant to the

provisions of section 7463 in effect when the petition was filed.  Pursuant to

section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.[1]

This case is before the Court on petitioner's motion for an award of reasonable litigation or administrative costs filed pursuant to section 7430 and Rules 230 through 233. Respondent filed a response opposing petitioner's motion. Neither party requested an evidentiary hearing, and the Court concludes that such a hearing is not necessary to dispose of petitioner's motion. See Rule 232(a)(1). We therefore decide this matter on the basis of the record that has been developed to date.

## Background[2]

Petitioner married Angeline Jarrell in October 2004. The couple separated in 2010 and divorced on March 21, 2011.

On March 14, 2011, petitioner and Ms. Jarrell filed a joint Federal income tax return for the taxable year 2010. Although Ms. Jarrell had received $37,574 in backpay from her employer in 2010, that item of income was not reported on the

---

[1]Unless otherwise specified, section references are to the Internal Revenue Code, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The background facts, which are not in dispute, are drawn from the parties' pleadings, petitioner's motion, respondent's response, and supporting documents.

couple's joint tax return. Petitioner and Ms. Jarrell filed separate income tax returns for the taxable years after 2010.

On February 21, 2012, the Internal Revenue Service (IRS) sent a Notice CP2000 to petitioner and Ms. Jarrell requesting payment of additional tax attributable to Ms. Jarrell's unreported income. Petitioner and Ms. Jarrell subsequently agreed that they owed additional tax, an addition to tax for failing to timely pay the tax, an accuracy-related penalty, and interest, and the IRS entered an assessment.

On February 25, 2013, the IRS applied petitioner's overpayment of $3,009 for the taxable year 2012 to partially offset the couple's unpaid tax liability for 2010.

On December 10, 2014, petitioner submitted to the IRS a Form 8857, Request for Innocent Spouse Relief, for the taxable year 2010. Petitioner asserted that he had no knowledge of Ms. Jarrell's unreported income for 2010, and he requested full relief from joint and several liability under section 6015.

On August 24, 2015, the IRS sent petitioner a preliminary determination indicating that he was entitled to spousal relief under section 6015(c) and that he was not liable for the balance of the tax due for the taxable year 2010. The IRS

noted in the preliminary determination, however, that petitioner was not entitled to a refund of his overpayment for the taxable year 2012.[3]

On September 28, 2015, petitioner submitted to the IRS a Form 12509, Statement of Disagreement, asserting that he was entitled to spousal relief under section 6015(b) and requesting that the Office of Appeals (Appeals Office) review the matter. Petitioner also submitted to the IRS an affidavit executed by Ms. Jarrell which stated in relevant part: "Upon signing and submitting our joint tax return to the IRS for 2010, I did not make my ex-husband, Timothy Roeckel, aware of my tax liability for a disability payment I received during our divorce."

The Appeals Office reviewed the records developed by the Examination Division and held a conference with petitioner by telephone. On November 24, 2015, the Appeals Office issued petitioner a final determination letter awarding him spousal relief under section 6015(c) but denying his request for relief under section 6015(b). An Appeals Office memorandum explains that the Appeals Office weighed all the facts and circumstances and concluded that, although petitioner may not have had actual knowledge of Ms. Jarrell's unreported income, he had reason to know about it. Among other factors, the memorandum notes that

---

[3]Other records indicate that IRS personnel concluded that petitioner was not eligible for relief under sec. 6015(b) because he had constructive knowledge of the unreported income.

petitioner and Ms. Jarrell had reported Ms. Jarrell's wage income from the same employer for earlier years, petitioner had stated that he was aware that Ms. Jarrell had income in 2010, Ms. Jarrell moved out of the marital home in the second half of 2010, and the Form W-2, Wage and Tax Statement, reporting the income in question was mailed to the marital home.

Petitioner invoked the Court's jurisdiction by filing a timely petition for review on December 2, 2015, followed shortly thereafter by an amended petition on December 12, 2015. Petitioner alleged in the amended petition that he should be awarded spousal relief under section 6015(b), including a full refund of his overpayment of $3,009 for the taxable year 2012 which was applied to offset the couple's unpaid tax for 2010. At the time the petition was filed, petitioner resided in Colorado.

Respondent filed an answer to petitioner's amended petition on December 24, 2015. The answer included, inter alia, allegations that respondent was not bound by Ms. Jarrell's affidavit and that it was petitioner's burden to establish that he had no reason to know of the understatement on the couple's joint tax return for 2010.

On April 14, 2017, the Court entered a stipulated decision in this case which provided that petitioner was entitled to relief under section 6015(b) in that he is

not liable for additional income tax, an addition to tax under section 6651(a)(2), or an accuracy-related penalty under section 6662 for the taxable year 2010. The stipulated decision further stated that petitioner is entitled to a refund of $300 (paid on June 27, 2014) for the taxable year 2010. The parties stipulated that "for settlement purposes, the parties agree petitioner is entitled to a $300.00 overpayment (plus additional accrued interest), granted as partial relief under I.R.C. § 6015(b), and petitioner is not entitled to any additional overpayment."

On April 29, 2017, petitioner filed the motion pending before the Court, along with his sworn declaration.[4] Petitioner asserts that he satisfies the conditions for an award under section 7430 and that his reasonable expenses total $1,465.80, comprising lost wages of $1,340.90, the Court's filing fee of $60, and copying and miscellaneous expenses of $64.90.

On June 29, 2017, respondent filed a response in opposition to petitioner's motion. Respondent maintains that petitioner is not entitled to an award under section 7430 on the alternative grounds that petitioner did not substantially prevail in respect of the amount in dispute or the most significant issue in the case and respondent's position was at all times substantially justified. Respondent asserts

---

[4]By order dated May 2, 2017, the Court vacated and set aside the stipulated decision to permit the Court to properly consider and resolve petitioner's motion and set forth its disposition of that matter in its decision. See Rule 231(c).

that, in the event the Court were to conclude that petitioner satisfies the requirements for an award, the costs that petitioner seeks are not reasonable nor have they been properly substantiated.[5]

## Discussion

Under section 7430, a judgment for reasonable litigation or administrative costs incurred in connection with a court or administrative proceeding may be awarded if a taxpayer: (1) is the prevailing party; (2) has exhausted his administrative remedies with the IRS (with respect to litigation costs only); and (3) did not unreasonably protract the proceedings.[6] Sec. 7430(a), (b)(1), (3); Polz v. Commissioner, T.C. Memo. 2011-117; Nguyen v. Commissioner, T.C. Memo. 2003-313. A taxpayer (the moving party) must satisfy each of the respective requirements to be entitled to an award of litigation or administrative costs under section 7430. Rule 232(e); see Minahan v. Commissioner, 88 T.C. 492, 497 (1987); Marten v. Commissioner, T.C. Memo. 2000-186. Reasonable litigation

_____

[5]As discussed in detail below, we conclude that petitioner does not qualify for an award under sec. 7430. Consequently, we need not consider whether the costs that petitioner has claimed are reasonable.

[6]Respondent concedes that petitioner has exhausted his administrative remedies and did not unreasonably protract the proceedings.

and administrative costs generally include court costs and fees paid or incurred for the services of an attorney. Sec. 7430(c)(1) and (2).

To be a prevailing party, the taxpayer must: (1) substantially prevail with respect to either the amount in controversy or the most significant issue or set of issues presented and (2) satisfy the applicable net worth requirement. Sec. 7430(c)(4)(A).[7] The taxpayer will nevertheless fail to qualify as the prevailing party if the Commissioner's position in the proceeding is shown to have been substantially justified. Sec. 7430(c)(4)(B)(i).

Respondent maintains that petitioner does not qualify as a prevailing party because he has not substantially prevailed with respect to the amount in controversy or the most significant issue presented and, in any event, respondent's position was substantially justified. As discussed in detail below, we conclude that respondent's position was substantially justified. Consequently, we need not consider whether petitioner substantially prevailed with respect to the amount in controversy or the most significant issue presented.

To establish that his position was substantially justified, the Commissioner must show that his position was "justified to a degree that could satisfy a

[7]Respondent does not dispute that petitioner meets the net worth requirements.

reasonable person" or that his position has a "reasonable basis both in law and fact." Swanson v. Commissioner, 106 T.C. 76, 86 (1996) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)) (interpreting a similar legal standard in the Equal Access to Justice Act, 28 U.S.C. sec. 2412 (1988)). A position has a reasonable basis in fact if there is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Corkrey v. Commissioner, 115 T.C. 366, 373 (2000) (citing Underwood, 487 U.S. at 564-565). In determining whether the position of the Commissioner was substantially justified, we must consider the basis for the legal position and the manner in which the position was maintained. Wasie v. Commissioner, 86 T.C. 962, 969 (1986). A significant factor to be considered is the information available to the Commissioner at the time he established his position in the case and whether relevant information was presented. Sec. 301.7430-5(c)(1), Proced. & Admin. Regs.

The Commissioner is entitled to maintain his position, for purposes of determining whether it was substantially justified, until adequate substantiation is received from the taxpayer. See Baldwin v. Commissioner, T.C. Memo. 2015-66, at *11. Further, where the resolution of disputed adjustments hinges on factual determinations, the Commissioner is not required to concede the adjustments until he has received, and has had reasonable time to review, sufficient substantiation

for the matter in question. See Huynh v. Commissioner, T.C. Memo. 2002-110, slip op. at 18.

The Commissioner's decision to concede a case is not conclusive that the taxpayer is entitled to an award under section 7430, but a concession is a factor that may be considered. See Wilfong v. United States, 991 F.2d 359, 364 (7th Cir. 1993); Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 443 (1997).

Where a taxpayer seeks both litigation and administrative costs, we apply the "substantially justified" standard as of the two separate dates on which the Commissioner took a position, first in the administrative proceeding and later in the court proceeding. See Maggie Mgmt. Co. v. Commissioner, 108 T.C. at 442-444. For purposes of the administrative proceeding, the Commissioner's position is that taken on the earlier of the date of the receipt by the taxpayer of the notice of decision of the Appeals Office or the date of the notice of deficiency. Sec. 7430(c)(7)(B). Generally, the position of the United States in the judicial proceeding is established in the answer to the petition. See, e.g., Sher v. Commissioner, 861 F.2d 131, 134-135 (5th Cir. 1988), aff'g 89 T.C. 79 (1987).

The Appeals Office concluded in the notice of determination that petitioner had not shown that he was entitled to relief under section 6015(b). Respondent maintained that position in his answer to the amended petition. Specifically,

respondent asserted that although Ms. Jarrell may not have informed petitioner that she had received the unreported income, it remained unclear whether petitioner should have known about the income within the meaning of section 6015(b). In this regard, respondent maintains that the Government's position was substantially justified throughout these proceedings. Petitioner appears to assert that Ms. Jarrell's affidavit was sufficient to establish that he was entitled to relief under section 6015(b).

As a backdrop to our evaluation of whether respondent's position was substantially justified, we will first outline the statutory provisions and legal precedents governing spousal relief that are relevant to this case.

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). After making the election, each spouse is jointly and severally liable for the entire tax due. Sec. 6013(d)(3); Butler v. Commissioner, 114 T.C. 276, 282 (2000). If certain requirements are met, however, an individual may be relieved of joint and several liability under section 6015. Except as otherwise provided in section 6015, the requesting spouse bears the burden of proving entitlement to relief. Rule 142(a); Porter v. Commissioner, 132 T.C. 203, 210 (2009); Alt v. Commissioner, 119 T.C. 306, 311 (2002), aff'd, 101 F. App'x 34 (6th Cir. 2004).

Three forms of relief are available under section 6015. In general, section 6015(b) provides full or apportioned relief from joint and several liability for understatements of tax on a return, section 6015(c) provides apportioned relief in respect of a deficiency to taxpayers who are divorced or separated, and in certain circumstances section 6015(f) provides equitable relief from joint and several liability if relief is not available under subsection (b) or (c).

To be eligible for relief under section 6015(b), the requesting spouse must establish, inter alia, that the understatement of tax is attributable to erroneous items of the nonrequesting spouse and, in signing the return, the requesting spouse "did not know, and had no reason to know" of the understatement of tax. Sec. 6015(b)(1)(B) and (C). Section 1.6015-2(c), Income Tax Regs., provides:

> A requesting spouse has knowledge or reason to know of an understatement if he or she actually knew of the understatement, or if a reasonable person in similar circumstances would have known of the understatement. * * * All of the facts and circumstances are considered in determining whether a requesting spouse had reason to know of an understatement. * * *

In cases involving omitted income, the requesting spouse normally will have reason to know of an understatement if he had knowledge of the transaction giving rise to the income. See Greer v. Commissioner, 595 F.3d 338, 346 (6th Cir. 2010),

aff'g T.C. Memo. 2009-20; Cheshire v. Commissioner, 115 T.C. 183, 192-193 (2000), aff'd, 282 F.3d 326, 332-334 (5th Cir. 2002).

Under section 6015(c), a divorced or separated spouse may elect to limit liability for a deficiency on a joint return to the portion allocable to him or her. A taxpayer can make a valid election only if: (1) the taxpayer is no longer married to, is not part of the same household of, or is legally separated from his or her spouse; (2) the taxpayer makes a timely election; and (3) the Secretary does not demonstrate that the taxpayer had actual knowledge at the time the taxpayer signed the return of an item giving rise to a deficiency. Sec. 6015(c)(3)(A), (B), and (C).

The rules pertaining to a requesting spouse's actual knowledge are set forth in section 1.6015-3(c)(2), Income Tax Regs. See Cheshire v. Commissioner, 115 T.C. at 195 (stating that the knowledge standard for purpose of section 6015(c)(3)(C) is an actual and clear awareness of the existence of the item giving rise to the deficiency). In the case of omitted income, knowledge of the item includes knowledge of receipt of the income. Sec. 1.6015-3(c)(2)(i)(A), Income Tax Regs.

Section 6015(g)(1) provides the general rule that "credit or refund shall be allowed or made to the extent attributable to the application of this section."

Section 6015(g)(3) provides an exception, however, in that no credit or refund shall be allowed as a result of the application of subsection (c).

The record shows that the Appeals Office made a final determination that petitioner did not have actual knowledge of the item of income that resulted in the understatement in question and therefore granted petitioner relief under section 6015(c). As previously discussed, however, a requesting spouse is not eligible for a credit or refund of tax paid if relief is awarded under section 6015(c). See sec. 6015(g)(3).

The question whether petitioner was entitled to relief under section 6015(b), which would have opened the door to a refund of his overpayment for the taxable year 2012, presented the more difficult question whether petitioner had "reason to know" of the item of income giving rise to the understatement. As explained above, the resolution of that question turned on a consideration of all the facts and circumstances and whether a reasonable person in similar circumstances would have known of the understatement. Clearly Ms. Jarrell's affidavit, which spoke generally to petitioner's actual knowledge of the item of income, was insufficient standing alone to show that petitioner had no reason to know of the understatement. Moreover, neither the Appeals Office nor respondent's counsel

was obliged to simply accept petitioner's statement (if he had offered one) that he had no reason to know of the unreported income.

The record shows that the Appeals Office determination was founded upon a consideration of relevant evidence and had a reasonable basis both in law and fact. In sum, consistent with section 1.6015-2(c), Income Tax Regs., the Appeals Office weighed all the facts and circumstances and concluded that, although petitioner may not have had actual knowledge of Ms. Jarrell's unreported income, he had "reason to know" about it within the meaning of section 6015(b)(1)(C). The Appeals Office noted that petitioner and Ms. Jarrell had reported Ms. Jarrell's wage income from the same employer for earlier years, petitioner had stated that he was aware that Ms. Jarrell had income in 2010, Ms. Jarrell moved out of the marital home in the second half of 2010, and the Form W-2 reporting the income in question was mailed to the marital home.

Moreover, there is no indication that respondent received additional evidence, before filing his answer to the amended petition, that would cast doubt on the reasonableness of his position as set forth in that pleading.[8] Accordingly, we conclude that respondent's position disallowing petitioner's claim for full

---

[8]The parties' agreement that petitioner will receive a refund of $300 (or roughly 10% of his overpayment for the taxable year 2012) does not suggest that the Government's position was not substantially justified.

relief under section 6015(b), in both the administrative and judicial phases of this case, was substantially justified.  Consistent with the foregoing, we will deny petitioner's motion for reasonable litigation or administrative costs.

To reflect the foregoing,

An appropriate order and decision will be entered.