T.C. Memo. 2016-192

UNITED STATES TAX COURT

MICHAEL J. ST. CLAIRE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18700-15.                        Filed October 19, 2016.

<u>Andre Alexander Gibson</u>, for petitioner.

<u>Brandon S. Cline</u>, for respondent.

MEMORANDUM OPINION

GUY, <u>Special Trial Judge</u>:   This matter is before the Court on petitioner's

motion for litigation and administrative costs filed pursuant to section 7430 and

Rules 230 through 233.[1]   Respondent filed a response opposing petitioner's

_____

[1]Unless otherwise specified, section references are to the Internal Revenue
(continued...)

**[\*2]** motion, and petitioner filed a reply and a first amended reply to respondent's response. Neither party requested an evidentiary hearing, and the Court concludes that such a hearing is not necessary to dispose of petitioner's motion. See Rule 232(a)(2). We therefore decide the matter before us on the basis of the record that has been developed to date.

## Background

Petitioner was previously married to Ethlyn St. Claire, and they have three children together. The marriage ended in July 2006, and at that time Ms. St. Claire had physical custody of the children. Because no appearance was entered by or on behalf of Ms. St. Claire in the divorce proceedings, the court that entered the judgment dissolving the marriage reserved ruling on various issues including child custody, child support, and visitation.

Petitioner timely requested an extension of time to file his Federal income tax return for 2012. On June 15, 2013, petitioner's counsel, Andre Alexander Gibson, sent a letter to the Internal Revenue Service (IRS) stating:

> Our client [petitioner] electronically filed his 2012 tax return and [sic] or about March 27, 2012 [sic]; however, the return was rejected on March 28, 2013. Based on the information and reason for the

---

[1](...continued)
Code, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] rejection, it appears that another filer has claimed our Clients children/dependents. For the following reason, our client objects to any person being eligible to claim his children as dependents:
> 1. The custodial parent has represented to our client that she did not file a return and that she has not given authorization to anyone to claim the children;
> 2. The custodial parent did not file a tax return; and
> 3. The custodial parent has agreed and authorized our client to claim the children;

> We have also attached hereto our client's 2012 income tax return with forms 8332 for each of his children which were executed by his former spouse – the custodial parent. Our client also attaches the birth certificates of his children to establish that he is in fact the parent.

> We have attached hereto form 2848 so that our office will receive communications on the issues related to this filing. If you have any question on this matter, please feel free to contact me at your convenience.

Petitioner's 2012 tax return was filed on or about June 19, 2013. As is relevant here, petitioner claimed three dependency exemption deductions (reporting that two of the children were under the age of 17) and a child tax credit of $1,750.

On November 18, 2013, the IRS sent a letter to petitioner informing him that his tax return was under examination and requesting that he provide additional information to substantiate the dependency exemptions and the child tax credit that he had claimed. On December 17, 2013, Mr. Gibson sent a letter to the IRS

[*4] and attached copies of three Forms 8332, Release/Revocation of Release of Claim to Exemption for Child by Custodial Parent, dated February 18, 2013.[2] While each form included a signature under part II (release for future years), it showed 2012 as the subject year.[3] The signatures on the three forms appear fairly uniform, with some minor variations. Mr. Gibson also forwarded financial records showing that petitioner had transferred funds to Ms. St. Claire and his children in 2012.

On April 4, 2014, the IRS sent a Form 886-A, Explanation of Items, to Mr. Gibson which stated that, although petitioner had demonstrated that he was the biological father of the children, he would need to submit to the IRS "a complete copy of your divorce decree, separate maintenance agreement, any written agreement showing which parent has custody and/or is entitled to claim the dependent(s)."

---

[2]The parties do not agree whether Forms 8332 were attached to petitioner's original tax return. In the light of our disposition of petitioner's motion, we need not resolve this factual dispute.

[3]Forms 8332 include three parts and separate signature lines for each part. Part I is reserved for a release of claim to exemption for the current year, part II is reserved for a release of claim to exemption for future years, and part III is reserved for a revocation of release of claim to exemption for future years.

**[\*5]** On May 5, 2014, Mr. Gibson sent a letter to the IRS and attached several documents related to petitioner's divorce proceedings. Mr. Gibson explained (as previously mentioned) that issues concerning child custody, visitation, and support had never been resolved. He went on to assert that the IRS should simply acknowledge that Ms. St. Claire had executed the Forms 8332 and thereby released her right to claim the children as her dependents for 2012.

On November 7, 2014, the IRS sent a letter and a Form 886-A to Mr. Gibson stating that petitioner was not entitled to the dependency exemption deductions and the child tax credit in dispute "because the Form 8332 provided appears to be altered." The letter invited petitioner to provide any additional documents that he wanted the IRS to consider by November 22, 2014, and stated that he was entitled to file an administrative appeal.

In a letter to the IRS dated November 12, 2014, Mr. Gibson expressed his disagreement with the suggestion that the Forms 8332 had been altered and questioned how the IRS had made that determination without a sample of Ms. St. Claire's signature. He further asserted that, because neither parent had been awarded legal custody of the children, petitioner should be entitled to claim the children as his dependents without further inquiry. Arguing that petitioner had provided all of the information necessary to establish his entitlement to the

[*6] dependency exemption deductions and the child tax credit, Mr. Gibson attached Form 12203, Request for Appeals Review, to his letter and requested that the matter be referred to the IRS Office of Appeals (Appeals Office) so that he could present the original Forms 8332 for review.

On March 6, 2015, the IRS sent a letter and Form 886-A to Mr. Gibson, stating that the IRS would not allow the dependency exemption deductions and the child tax credit in dispute on the grounds that (1) the Forms 8332 were incorrectly filled out; (2) the Forms 8332 did not appear to have been submitted with petitioner's 2012 tax return; (3) petitioner did not provide any documentation that included Ms. St. Claire's signature; (4) Ms. St. Claire was the custodial parent; and (5) in the absence of valid Forms 8332, petitioner did not provide documentation to satisfy the requirements set forth in IRS Publication 17, Your Federal Income Tax. The IRS also stated that Mr. Gibson's request for review by the Appeals Office was denied because the audit was being conducted as a correspondence examination.

In a letter to the IRS dated March 10, 2015, Mr. Gibson again expressed his disagreement with the decision to disallow the disputed items and requested that the IRS issue a statutory notice of deficiency. On June 19, 2015, the IRS issued to petitioner a statutory notice of deficiency disallowing the dependency exemption

**[*7]** deductions and the child tax credit. On July 22, 2015, petitioner filed a timely petition for redetermination with the Court.[4] In the petition, petitioner referred to Ms. St. Claire as the "alleged custodial" parent and stated that his eldest child, now an adult, was living with him and would testify that the Forms 8332 were signed by Ms. St. Claire.

Respondent's counsel subsequently identified a possible address for Ms. St. Claire and on August 19, 2015, mailed a letter to her requesting that she contact him regarding the authenticity of the Forms 8332. Ms. St. Claire called shortly thereafter, respondent's counsel sent copies of the Forms 8332 to her, and she promptly verified that she had signed them.

On September 4, 2015, respondent filed an answer to the petition and conceded all adjustments in the notice of deficiency. In subsequent communications Mr. Gibson requested that the IRS reimburse petitioner for attorney's fees and other costs that he incurred from April 14, 2013, through September 16, 2015. Respondent offered to pay $1,320 to petitioner to account for administrative costs in the form of attorney's fees that petitioner had incurred from March 6, 2015, when the IRS denied Mr. Gibson's request for Appeals

---

[4]At the time the petition was filed, petitioner resided in Florida. Contrary to the flush language of Rule 34(b), the petition includes allegations in support of petitioner's claim for litigation and administrative costs.

**[*8]** Office review, through June 22, 2015, when Mr. Gibson reviewed the notice of deficiency.

On March 30, 2016, petitioner filed the motion pending before the Court. At that time petitioner asserted that he should be awarded attorney's fees of $11,797 and costs of $73 incurred from June 15, 2013, through March 18, 2016. On May 2, 2016, respondent filed a response in opposition to petitioner's motion maintaining that any award should be limited to $1,320.[5] On May 9, 2016, the Court issued an order directing petitioner to file a reply to respondent's response and to attach thereto an affidavit or declaration as described in Rule 232(d) (related to a dispute as to reasonable attorney's fees). Simultaneously with the issuance of the Court's order on May 9, petitioner filed an unsolicited reply to respondent's response. Notably, petitioner's reply did not address respondent's objection to an award of attorney's fees computed at an hourly rate in excess of the statutory rate. On May 24, 2016, petitioner filed a first amended reply, including a declaration signed by Paul M. Cowan, Esq., expressing his opinion as to the reasonableness of the hourly fees that Mr. Gibson had charged petitioner. In his

---

[5]As discussed in detail below, petitioner maintains that his litigation and administrative costs comprising attorney's fees should be computed at an hourly rate of $325 (the hourly rate he had agreed to pay Mr. Gibson) whereas respondent maintains that petitioner's attorney's fees should be computed at the lower statutory rate prescribed in sec. 7430(c)(1)(B)(iii).

**[\*9]** amended reply, petitioner conceded that he is not entitled to an award for attorney's fees of $390 incurred on June 15, 2013, but included additional attorney's fees of $3,477.50 attributable to the preparation of his reply and first amended reply.[6]

<u>Discussion</u>

Under section 7430, a judgment for reasonable litigation or administrative costs incurred in connection with a court or administrative proceeding may be awarded if a taxpayer: (1) is the prevailing party; (2) has exhausted his administrative remedies with the IRS (with respect to litigation costs only); and (3) did not unreasonably protract the proceedings. Sec. 7430(a), (b)(1), (3); <u>Polz v. Commissioner</u>, T.C. Memo. 2011-117; <u>Nguyen v. Commissioner</u>, T.C. Memo. 2003-313. A taxpayer (the moving party) must satisfy each of the respective requirements to be entitled to an award of litigation or administrative costs under section 7430. Rule 232(e); <u>see</u> <u>Minahan v. Commissioner</u>, 88 T.C. 492, 497 (1987); <u>Marten v. Commissioner</u>, T.C. Memo. 2000-186. Reasonable litigation

---

[6]The Court provides this procedural history to emphasize that Rule 232(a) contemplates that the Court, in its discretion, may direct the moving party to file a reply to the Commissioner's response to a motion for reasonable litigation or administrative costs. Mr. Gibson's failure to recognize this procedural rule appears to have needlessly added to the legal costs to his client.

[*10] and administrative costs include, in relevant part, court costs and fees paid or incurred for the services of an attorney. Sec. 7430(c)(1) and (2).

To be a prevailing party, the taxpayer must: (1) substantially prevail with respect to either the amount in controversy or the most significant issue or set of issues presented and (2) satisfy the applicable net worth requirement. Sec. 7430(c)(4)(A). The taxpayer will nevertheless fail to qualify as the prevailing party if the Commissioner's position in the proceeding is shown to have been substantially justified. Sec. 7430(c)(4)(B)(i).

The parties agree that petitioner substantially prevailed with respect to the amount in controversy, satisfies the applicable net worth requirement, exhausted the administrative remedies available to him, and did not unreasonably protract the proceedings. In addition, respondent concedes that petitioner is entitled to an award of $1,320 for administrative costs incurred after March 6, 2015 (the date the IRS denied petitioner's request for Appeals Office review), through June 22, 2015 (the date Mr. Gibson reviewed the notice of deficiency), compensating petitioner for attorney's fees for 6.6 hours of work at the statutory rate of $200 per hour. Otherwise, respondent asserts that his position in the administrative and judicial proceedings was substantially justified.

**[\*11]** To establish that his position was substantially justified, the Commissioner must show that his position was "justified to a degree that could satisfy a reasonable person" or that his position has a "reasonable basis both in law and fact." Swanson v. Commissioner, 106 T.C. 76, 86 (1996) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)) (interpreting a similar legal standard in the Equal Access to Justice Act, 28 U.S.C. sec. 2412 (1988)). A position has a reasonable basis in fact if there is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Corkrey v. Commissioner, 115 T.C. 366, 373 (2000) (citing Pierce, 487 U.S. at 564-565). In determining whether the position of the Commissioner was substantially justified, we must consider the basis for the legal position and the manner in which the position was maintained. Wasie v. Commissioner, 86 T.C. 962, 969 (1986). A significant factor to be considered is the information available to the Commissioner at the time he established his position in the case and whether relevant information was presented to him. Sec. 301.7430-5(c)(1), Proced. & Admin. Regs.

The Commissioner is entitled to maintain his position, for purposes of determining whether it was substantially justified, until adequate substantiation is received from the taxpayer. See Baldwin v. Commissioner, T.C. Memo. 2015-66. Further, where the resolution of adjustments hinges on factual determinations, the

[*12] Commissioner is not required to concede the adjustments until he has received, and has had reasonable time to review, sufficient substantiation for the matter in question. See Huynh v. Commissioner, T.C. Memo. 2002-110.

The Commissioner's decision to concede a case is not conclusive that the taxpayer is entitled to an award under section 7430, but a concession is a factor that may be considered. See Wilfong v. United States, 991 F.2d 359, 364 (7th Cir. 1993); Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 443 (1997).

Where a taxpayer seeks both litigation and administrative costs, we apply the "substantially justified" standard as of the two separate dates on which the Commissioner took a position, first in the administrative proceeding and later in the court proceeding. See Maggie Mgmt. Co. v. Commissioner, 108 T.C. at 442-444. For purposes of the administrative proceeding, the Commissioner's position is that taken on the earlier of the date of the receipt by the taxpayer of the notice of decision of the Appeals Office or the date of the notice of deficiency. Sec. 7430(c)(7)(B). Generally, the position of the United States in the judicial proceeding is established in the answer to the petition. See, e.g., Sher v. Commissioner, 861 F.2d 131, 134-135 (5th Cir. 1988), aff'g 89 T.C. 79 (1987).

**[*13]** I. Administrative Costs

The IRS took the position in the notice of deficiency (and throughout the administrative proceedings) that petitioner had not properly substantiated the dependency exemptions and the child tax credit. Respondent maintains that the Government's position was substantially justified until March 6, 2015, when petitioner was notified that his request for Appeals Office review was denied. Petitioner counters that the Government's position was not substantially justified because he provided adequate substantiation from the outset of the examination by presenting the IRS with copies of the Forms 8332 in question.

As an initial matter, we note that section 7430(c)(2) limits the term "reasonable administrative costs" to costs paid or incurred on or after the earliest of (1) the date on which the taxpayer receives a notice of decision from the Appeals Office, (2) the date of the notice of deficiency, or (3) the date on which the IRS mails a first letter of proposed deficiency giving the taxpayer a right to protest the proposed deficiency to the Appeals Office. Although petitioner apparently contends that he is entitled to administrative costs that he incurred as early as November 21, 2013, we conclude, consistent with the provisions of section 7430(c)(2), that he is not entitled to an award of any administrative costs

[*14] incurred before November 7, 2014 (i.e., the date that the IRS first sent him a letter that offered the opportunity for Appeals Office review).

As a backdrop to our evaluation of whether the Government's position was substantially justified, we will first outline the statutory provisions and legal precedents governing deductions for dependency exemptions and the child tax credit.

Section 151(c) provides that a taxpayer generally is allowed a deduction for the applicable exemption amount for each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year. Section 152(a) generally defines a "dependent" to include a "qualifying child" or a "qualifying relative".

Section 152(e) provides special rules governing the assignment of dependency exemptions in the case of parents who are divorced or legally separated and who provide over one-half of their child's support during a calendar year in which the child is in the custody of one or both parents for more than one-half of the calendar year. In this scenario, a noncustodial parent[7] may become

---

[7]A "custodial parent" is defined for purposes of sec. 152(e) as the parent having custody for the greater portion of the calendar year, and a "noncustodial parent" means the parent who is not the custodial parent. Sec. 152(e)(4)(A) and (B). The record reflects that Ms. St. Claire was the children's custodial parent in

(continued...)

**[*15]** entitled to a dependency exemption deduction for minor children if two conditions are met: The custodial parent signs a written declaration releasing his or her claim to the exemption and the noncustodial parent attaches such written declaration to his or her tax return for the taxable year. Sec. 152(e)(2)(A) and (B). The required written declaration can be set forth on a completed Form 8332 or a written statement conforming to the substance of the form. See Armstrong v. Commissioner, 139 T.C. 468 (2012), aff'd, 745 F.3d 890 (8th Cir. 2014).

Section 24(a) allows a tax credit for each "qualifying child" of a taxpayer for whom the taxpayer is allowed a deduction under section 151. Section 24(c)(1) defines a "qualifying child" as a qualifying child as defined in section 152(c) who has not attained the age of 17.

Deductions and tax credits are a matter of legislative grace, and the taxpayer generally bears the burden of proving entitlement to any deduction or credit claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). It is well settled that deductions for dependency exemptions and the child tax credit are subject to this general rule. See Miller v. Commissioner, 114 T.C. 184, 189-190 (2000),

[7](...continued)
2012.

**[\*16]** aff'd sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002);

Gassoway v. Commissioner, T.C. Memo. 2015-203.

Having claimed dependency exemption deductions and a child tax credit,

petitioner had the burden to present to the IRS adequate substantiation during the

examination. Although petitioner provided the IRS with copies of Forms 8332,

the IRS was not obliged to accept those documents at face value. Rather, the IRS

had the right to develop and was justified in developing a record regarding

petitioner's relationship with Ms. St. Claire and the children, and, ultimately, to

challenge the authenticity of the Forms 8332. This is particularly so given that

some individual (unidentified in the record) had attempted to claim the children as

dependents earlier in the 2012 tax return filing season, the signatures on the Forms

8332, although substantially similar, were not identical, and the forms were

completed in a way that left some ambiguity as to their intended application.[8]

Considering all the circumstances, we agree with respondent that, until March 6,

2015, the Government's position was reasonably based in fact and law and

therefore was substantially justified and represented a good-faith effort to enforce

the internal revenue laws. See Huynh v. Commissioner, T.C. Memo. 2002-110.

---

[8]Sec. 1.152-4(e)(1), Income Tax Regs., provides in pertinent part: "A written declaration that specifies all future years is treated as specifying the first taxable year after the taxable year of execution and all subsequent taxable years."

[*17] Respondent reasonably concedes that, at the conclusion of the examination process, the IRS was not justified in denying petitioner the opportunity for Appeals Office review. We view respondent's concession as an acknowledgment that, in the context of a correspondence examination, petitioner had by then provided all the information reasonably available to him to substantiate the items in dispute. It follows that petitioner is entitled to an award for administrative costs equal to reasonable attorney's fees for 6.6 hours of work.

II. Litigation Costs

Respondent asserts that petitioner is not entitled to an award of litigation costs because all substantive adjustments were conceded in the answer to the petition. Petitioner maintains that, inasmuch as respondent conceded that it was unreasonable to deny him the opportunity for Appeals Office review (and the opportunity to resolve the matter administratively), he should be entitled to an award that includes the cost of preparing and filing the petition for redetermination.

As previously discussed, Congress has mandated that claims for litigation and administrative costs be reviewed in the light of the Government's position at distinct times, a process that allows the Commissioner to change his position. See Maggie Mgmt. Co. v. Commissioner, 108 T.C. at 442. In evaluating a taxpayer's

[*18] claim for litigation costs, we evaluate the reasonableness of the Government's position as set forth in its answer to the petition. See Sher v. Commissioner, 861 F.2d at 134-135. Because respondent had verified the authenticity of the Forms 8332 and conceded the disputed adjustments in his answer to the petition, we conclude that the Government's litigation position was substantially justified and therefore petitioner is not entitled to an award of litigation costs related to the preparation and filing of the petition.

III. Litigation Costs Attributable to Petitioner's Motion for Litigation and Administrative Costs

Respondent contends that petitioner is not entitled to an award for the costs he incurred in filing and prosecuting his motion for litigation and administrative costs because respondent made a reasonable offer to settle the matter before the motion was filed. Petitioner maintains that he is entitled to the full amount of the legal costs that he incurred in prosecuting his motion for costs. The record reflects that Mr. Gibson spent 15.7 hours preparing and litigating the motion for costs.

Reasonable litigation costs generally encompass the costs incurred to litigate a claim for litigation and administrative costs. See Huffman v. Commissioner, 978 F.2d 1139, 1149 (9th Cir. 1992), aff'g in part, rev'g in part T.C. Memo. 1991-144; Powell v. Commissioner, 891 F.2d 1167, 1170 (5th Cir.

**[\*19]** 1990), rev'g 91 T.C. 673 (1988); Dixon v. Commissioner, T.C. Memo. 2006-97; Han v. Commissioner, T.C. Memo. 1993-386.  We evaluate the costs that petitioner incurred to litigate his motion for costs, however, against his level of success in doing so.  See Dixon v. Commissioner, T.C. Memo. 2006-97 (discussing the Supreme Court's treatment of the so-called limited success factor in Commissioner, INS v. Jean, 496 U.S. 154 (1990)).

Petitioner failed to persuade the Court that he is entitled to reasonable administrative costs beyond the costs that respondent conceded or (as discussed more fully below) that he is entitled to attorney's fees in excess of the statutory rate.  On this record, we will award petitioner litigation costs to cover four hours (or approximately one-quarter) of the time that Mr. Gibson devoted to preparing and prosecuting petitioner's motion for costs.

IV.  Reasonableness of Litigation and Administrative Costs

In the light of respondent's concession that petitioner is entitled to administrative costs equal to reasonable attorney's fees for 6.6 hours of work in 2015, and having concluded that petitioner is entitled to litigation costs to cover reasonable attorney's fees for four hours of work in 2016, we turn to the question of the proper hourly rate for computing those fees.  As mentioned above, while petitioner maintains that it is reasonable to compensate Mr. Gibson at a rate of

**[*20]** $325 per hour, respondent asserts that attorney's fees in this case should be capped at the lower statutory rate.

Section 7430(a)(1) and (2) limits the prevailing party to an award of "reasonable" litigation and administrative costs. In this regard, section 7430(c)(1)(B)(iii) (and its flush language) generally limits the hourly rate for attorney's fees to $125 per hour, plus an adjustment for cost of living, unless the Court determines that a special factor such as the limited availability of qualified attorneys for the proceeding, the difficulty of the issues presented, or the local availability of tax expertise justifies a higher rate. For purposes of this case, the statutory rate for attorney's fees incurred in 2015 and 2016 was $200 per hour. See Rev. Proc. 2015-53, 2015-44 I.R.B. 615; Rev. Proc. 2014-61, 2014-47 I.R.B. 860. Petitioner bears the burden of proving that the amount of costs he claimed is reasonable. See Rule 232(e).

Mr. Gibson submitted to the Court a declaration stating that his $325 hourly rate is reasonable "based on the prevailing community rate" and his expertise in tax matters. Mr. Gibson stated that petitioner could not find an attorney to represent him at less than $325 per hour and that it made practical sense for him to provide legal representation given that he had prepared petitioner's tax return for 2012 and was already familiar with the underlying facts of the case. Petitioner

[*21] also relies on a declaration executed by Mr. Cowan, an attorney specializing in Federal estate tax matters, who opined that Mr. Gibson's hourly rate was reasonable.

General expertise in tax law in itself is not a special factor warranting a fee award in excess of the statutory rate under section 7430.  See Huffman v. Commissioner, 978 F.2d at 1150; Powers v. Commissioner, 100 T.C. 457, 489 (1993), aff'd in part, rev'd in part and remanded on another issue, 43 F.3d 172 (5th Cir. 1995).  Moreover, there was nothing particularly unique or unusual about these proceedings (involving a simple question of substantiation) that presented extraordinary difficulty or required specialized expertise.  See Nguyen v. Commissioner, T.C. Memo. 2001-41.  Considering all the facts and circumstances, we conclude that petitioner has failed to establish any special factor that warrants attorney's fees in excess of the statutory rate provided in section 7430(c)(1)(B)(iii).

Consistent with the foregoing, we conclude that petitioner is entitled to reasonable administrative costs of $1,320 and reasonable litigation costs of $800 for a total award of $2,120.

[*22]    To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.