T.C. Memo. 2019-45

UNITED STATES TAX COURT

JASON BONTRAGER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5998-16L.                          Filed May 1, 2019.

<u>Holly C. Henson</u>, for petitioner.

<u>Derek S. Pratt</u> and <u>Rachael J. Zepeda</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  Currently before the Court is petitioner's motion for an

award of litigation and administrative costs pursuant to section 7430 and

Rule 231.[1]  Neither party requested a hearing on this matter, and no material fact is

_____

[1]Unless otherwise indicated, all statutory references are to the Internal Reve-
(continued...)

**[*2]** in dispute. We will therefore decide petitioner's motion on the basis of the parties' submissions and the existing record. See Rule 232(a)(1).

We conclude that petitioner is not the "prevailing party" under section 7430(a) and (c)(4) because the position of the United States was "substantially justified" within the meaning of section 7430(c)(4)(B). We will accordingly deny the motion for fees and costs.

Background

Petitioner pleaded guilty in 2012 to one count of violating section 7201, which criminalizes willful attempts "to evade or defeat any tax * * * or the payment thereof." The basis for his conviction was that he had aided and abetted his father in evading payment of his father's Federal income tax liability for 1994. At sentencing petitioner was ordered to pay to the Internal Revenue Service (IRS) restitution of $72,710.

In June 2014 the IRS assessed against petitioner, under section 6201(a)(4), the amount of restitution the District Court had ordered him to pay. The IRS also assessed pursuant to section 6601(a) underpayment interest of $165,508, calcu-

---

[1](...continued)
nue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

**[*3]** lated from the due date of his father's 1994 tax return. After petitioner did not pay the balance of the liability on notice and demand, the IRS filed a notice of Federal tax lien (NFTL). Upon notification petitioner timely requested a collection due process hearing.

At the hearing he contended that the assessment was invalid because (among other reasons): (1) the IRS had no legal authority to assess the restitution since the tax was imposed upon his father rather than upon him, (2) the IRS had no legal authority to assess underpayment interest, and (3) the restitution obligation had been discharged in bankruptcy. The settlement officer (SO) rejected all of these arguments, and the IRS issued a notice of determination sustaining the NFTL filing. Petitioner timely petitioned this Court for redetermination, and on April 27, 2016, respondent filed a timely answer denying that the SO had erred.[2]

On October 3, 2017, the Court issued its Opinion in Klein v. Commissioner, 149 T.C. 341 (2017). We there held, as a matter of first impression, that underpayment interest and additions to tax do not arise on amounts of restitution assessed under section 6201(a)(4). Id. at 362. The parties in this case later filed a stipulation of settled issues in which respondent conceded that, under this Court's

---

[2]Petitioner resided in Arizona when he filed his petition. Absent stipulation to the contrary, appeal of this case would lie to the U.S. Court of Appeals for the Ninth Circuit. See sec. 7482(b)(1)(G).

**[*4]** decision in <u>Klein</u>, petitioner is not liable for underpayment interest under section 6601(a)(1) on the restitution-based assessment.

Given that concession, the principal issues that remained in dispute were whether the SO had erred in determining that (1) the IRS had authority under section 6201(a)(4) to assess the restitution itself and (2) the restitution obligation had not been discharged in bankruptcy. The parties submitted the case under Rule 122 for decision of those issues without trial. On December 12, 2018, we issued an Opinion resolving both issues in respondent's favor. <u>Bontrager v. Commissioner</u>, 151 T.C. __ (Dec. 12, 2018). On January 8, 2019, petitioner filed a timely motion for reasonable litigation and administrative costs. <u>See</u> Rule 231(a)(2)(A) (requiring that such a motion be filed "within 30 days after the service of a written opinion determining the issues in the case").

Discussion

Section 7430 provides for the award of litigation and/or administrative costs to a taxpayer in a proceeding involving the determination of any tax, interest, or penalty. Such an award may be made where the taxpayer can demonstrate that he: (1) is the "prevailing party," (2) has exhausted administrative remedies within the IRS, (3) has not unreasonably protracted the proceeding, and (4) has claimed "reasonable" costs. Sec. 7430(a), (b)(1), (3), (c)(1) and (2); <u>Polz v. Commissioner</u>,

**[*5]** T.C. Memo. 2011-117; <u>Nguyen v. Commissioner</u>, T.C. Memo. 2003-313.

These requirements are conjunctive; failure to satisfy any one precludes an award

of costs to the taxpayer.  See <u>Minahan v. Commissioner</u>, 88 T.C. 492, 497 (1987);

<u>Marten v. Commissioner</u>, T.C. Memo. 2000-186.  Respondent concedes that peti-

tioner did not unreasonably protract the proceedings and that petitioner exhausted

his administrative remedies.  Thus, the questions before this Court are whether pe-

titioner is the "prevailing party" and (if so) whether his claimed costs are reason-

able.  Petitioner has the burden of proof on both issues.  Rule 232(e).

To be a "prevailing party" the taxpayer must establish that he "substantially

prevailed" with respect to either the amount in controversy or the most significant

set of issues presented.[3]  Sec. 7430(c)(4)(A)(i).  Although the IRS prevailed on

both issues that the Court decided, the issue that respondent conceded--concerning

the assessment of underpayment interest--involved 70% of the total dollar amount

in issue.  Respondent accordingly agrees that petitioner "has substantially pre-

vailed with respect to the amount in controversy."  <u>Id.</u> subclause (I).

A taxpayer will nevertheless not be treated as the prevailing party "if the

United States establishes that the position of the United States in the proceeding

---

[3]The taxpayer must also satisfy a net worth requirement to be considered a
prevailing party.  Sec. 7430(c)(4)(A)(ii).  Respondent does not dispute that peti-
tioner passes that test.

**[\*6]** was substantially justified." Id. subpara. (B)(i). The position of the United States is "substantially justified" if it is "justified to a degree that could satisfy a reasonable person" and has a "reasonable basis both in law and fact." Swanson v. Commissioner, 106 T.C. 76, 86 (1996) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)); see also Sher v. Commissioner, 861 F.2d 131, 134-135 (5th Cir. 1988), aff'g 89 T.C. 79 (1987); Powers v. Commissioner, 100 T.C. 457, 470 (1993), aff'd in part, rev'd in part, 43 F.3d 172 (5th Cir. 1995). The determination of reasonableness is based on all the facts of the case and the available legal precedent. Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 688, 694-695 (1990). "The Commissioner generally is not subject to an award of litigation costs under section 7430 where the underlying issue is one of first impression." Rowe v. Commissioner, T.C. Memo. 2002-136, 83 T.C.M. (CCH) 1762, 1769-1770 (citing TKB Int'l, Inc. v. United States, 995 F.2d 1460, 1468 (9th Cir. 1993); Estate of Wall v. Commissioner, 102 T.C. 391, 394 (1994), supplementing 101 T.C. 300 (1993); Mid-Del Therapeutic Ctr., Inc. v. Commissioner, T.C. Memo. 2000-383, aff'd, 30 F. App'x 889 (10th Cir. 2002)).

"The Commissioner's position may be substantially justified even if incorrect 'if a reasonable person could think it correct.'" Fitzpatrick v. Commissioner, T.C. Memo. 2017-88, 113 T.C.M. (CCH) 1416, 1417 (quoting Maggie Mgmt. Co.

**[*7]** v. Commissioner, 108 T.C. 430, 443 (1997)).  The fact that the IRS makes a concession "does not by itself establish that the position taken is unreasonable." Maggie Mgmt. Co., 108 T.C. at 443; see Wilfong v. United States, 991 F.2d 359, 364 (7th Cir. 1993); Sokol v. Commissioner, 92 T.C. 760, 767 (1989); Bruner v. Commissioner, T.C. Memo. 2018-10.

Where a taxpayer seeks both litigation and administrative costs, we apply the "substantially justified" standard to the IRS' position on two separate dates. For purposes of the administrative proceeding, the IRS' position is that taken at the earlier of:  (1) the date the taxpayer receives the decision of the IRS Appeals Office or (2) the date of the notice of deficiency.  Sec. 7430(c)(7)(B).  For purposes of a Tax Court proceeding, the IRS' position generally is that taken when the Commissioner files his answer.  See, e.g., Huffman v. Commissioner, 978 F.2d 1139, 1148 (9th Cir. 1992), aff'g in part, rev'g in part T.C. Memo. 1991-144; Maggie Mgmt. Co., 108 T.C. at 442.

As of both dates identified above, there existed no Court of Appeals precedent addressing whether the Commissioner was authorized to assess underpayment interest on restitution-based assessments.  There likewise was no Tax Court precedent:  We had not yet issued our Opinion in Klein, which described this question

**[\*8]** as one of "first impression in this Court." 149 T.C. at 342. And there existed then (and exist now) no regulations addressing this point.

As of both dates identified above, however, what guidance was available supported the Commissioner's view. Respondent cites three opinions from other Federal trial courts adopting his earlier position that the IRS can assess underpayment interest on restitution-based assessments.[4] The IRS itself had consistently interpreted section 6201(a)(4) to authorize the assessment of underpayment interest in these circumstances.[5]

Although this Court in <u>Klein</u> did not adopt the IRS' interpretation, reasonable people certainly could have believed (and did believe) it to be correct at the times relevant to disposition of petitioner's motion for costs. After the Government decided not to appeal our decision in <u>Klein</u>, respondent promptly executed a stipulation of settled issues conceding this point. As we have often held, "[t]he fact that the United States * * * concedes issues is not determinative as to whether

---

[4]See <u>United States v. Rabkin</u>, 315 F.R.D. 159, 162 (E.D.N.Y 2016); <u>United States v. Del'Andrae</u>, No. 2:1l-CR-126-DAK, 2016 WL 183528 (D. Utah Jan. 14, 2016); <u>In re Jara</u>, No. 14-80057-G3-13, 2015 WL 542408 (Bankr. S.D. Tex. Feb. 5, 2015)

[5]See Chief Counsel Notice CC-2011-018 (Aug. 26, 2001); Internal Revenue Manual pt. 5.1.5.15.1 (Dec. 16, 2014); <u>id.</u> pt. 5.1.5.24.1 (Aug. 3, 2009); see also <u>Klein</u>, 149 T.C. at 353.

**[\*9]** the taxpayer is entitled to an award of reasonable litigation costs." <u>Rowe</u>, 83 T.C.M. (CCH) at 1765.

Finding as we do that the position of the United States was "substantially justified" under section 7430(c)(4)(B)(i), we conclude that petitioner was not a "prevailing party" entitled to recover fees or costs. <u>See</u> sec. 7430(a), (c)(4). Because petitioner was not the prevailing party, we need not address the reasonableness of the costs he seeks. <u>See</u> <u>Minahan</u>, 88 T.C. at 497.

To implement the foregoing,

<u>An appropriate order will be issued</u>.